811 So.2d 693 (2001)
SEMINOLE ENTERTAINMENT, INC., Appellant,
v.
CITY OF CASSELBERRY, Florida, Appellee.
No. 5D01-811.
District Court of Appeal of Florida, Fifth District.
November 30, 2001.
Opinion on Grant of Clarification December 20, 2001.
*694 Steven G. Mason of Law Offices of Steven G. Mason, Orlando, for Appellant.
Usher L. Brown and Anthony A. Garganese of Brown, Ward, Salzman & Weiss, P.A., Orlando, for Appellee.
COBB, J.
The appellant, Seminole Entertainment, Inc. d/b/a Rachel's, appeals the circuit court's denial of its motion for a temporary injunction against the City of Casselberry, which had revoked its adult entertainment license by order dated January 31, 2001.
Prior to revocation, Rachel's had been operating as a licensed adult entertainment establishment in Casselberry, Seminole County, Florida, for approximately ten years, featuring striptease/erotic dancing. *695 Such entertainment was a permitted activity under Casselberry's adult entertainment code.[1] On November 10, 2000, Casselberry served Rachel's with a notice of intent to revoke its license on the basis that the licensee was permitting the sale and use of controlled substances, prostitution and other prohibited sexual activities on its premises. Casselberry's code provides for a hearing before the city commission in regard to revocation proceedings if requested. Once a hearing date was set, Rachel's moved to disqualify the commission for bias. This motion to disqualify was denied and subsequent to the revocation hearing a final revocation of license was filed.
Rachel's then filed a two count complaint with the circuit court seeking a permanent injunction and declaratory relief. In addition, Rachel's sought a temporary injunction. A hearing was held on this later motion on March 9, 2001. The circuit court ultimately denied Rachel's motion for temporary injunction and that order is the subject of this appeal.
Rachel's indicates in its initial brief that it demonstrated a substantial likelihood of success on the merits since it was denied a neutral and unbiased fact-finder. The evidence supporting the motion to disqualify showed that the Casselberry mayor (Pronovost), who subsequently presided over the proceedings and ruled upon legal objections to proffered evidence and testimony, had run for office on a platform directed against alleged "illegal activities" at "strip bars" in Casselberry, such as Rachel's. The mayor had publicly charged that Rachel's was a hot spot of drug proliferation, underage drinking, and prostitution. Prior to the hearing, the Casselberry city manager, acting as the prosecutor of the case against Rachel's, had consulted with various commission members about the illegal activities at Rachel's. The motion to disqualify also asserted that one commissioner (Henson) actually participated in an undercover investigation by the Casselberry police against Rachel's.[2] Pursuant to the City of Casselberry's code, the procedures utilized in a revocation hearing are those typically used in a civil case with the city manager having the burden of proof. The hearing is to also be "informal."
The evidence[3] presented at the hearing by the city manager in his prosecutorial role basically showed that illegal activities were observed at Rachel's, but arguably may have occurred outside the presence of any key managerial personnel. Virtually all objections raised by Rachel's were overruled by Pronovost; those by the city manager were inevitably sustained. Considerable testimony was presented about illegal activity at a different nightclub located in Orange County. Significantly, the principal witness for the City, one Laney, refused to answer an inquiry by counsel for Rachel's in regard to any information showing that the owners of Rachel's had knowledge of any illegal activities on the premises. The basis for this refusal was that any such information was part of an ongoing investigation. The mayor then improperly sustained the City's objection to further cross examination by Rachel's in this regard.
*696 On appeal the City concedes that the hearing was "quasi-judicial in nature."[4]See Vicbar, Inc. v. City of Miami, 330 So.2d 46 (Fla. 3d DCA 1976). It points out, however, that the quality of due process required in a quasi-judicial hearing is not the same as that to which a party to a full judicial hearing is entitled, and such hearings are not controlled by strict rules of evidence and procedure. See Lee County v. Sunbelt Equities, II, Ltd. Partnership, 619 So.2d 996, 1002 (Fla. 2d DCA 1993). The City also points out that its adult entertainment code specifically prohibits prostitution, sexual activity or drug use at licensed establishments where the licensee "or any person on its or his behalf" has knowingly allowed such conduct. The City may regulate such unlawful conduct pursuant to its police powers. City of Daytona Beach v. Del Percio, 476 So.2d 197, 204 (Fla.1985).
Rachel's counters that quasi-judicial proceedings, such as those herein concerned, contemplate a certain level of basic fairness in order to afford due process. See Hadley v. Department of Administration, 411 So.2d 184 (Fla.1982); Lee County, 619 So.2d at 1002; Jennings v. Dade County, 589 So.2d 1337 (Fla. 3d DCA 1991). As succinctly stated in one leading treatise:
A hearing or trial in an administrative proceeding to revoke a license or permit must be fair. While the tribunal may not be a court or the proceeding strictly judicial, there must be an orderly and fair procedure. Technical legal rules of evidence and procedure may be disregarded, but no essential element of a fair trial can be dispensed with unless waived. The licensee must be fully apprised of the claims against him or her and of the evidence to be considered, and must be given the opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal. The presiding official should be judicial in attitude and demeanor and free from prejudgment and from zeal for or against the licensee or permittee.... [Footnotes omitted].
9 McQuillin, Municipal Corporations, § 26.89 (3rd Ed.).
The City points out that there is authority for the proposition that mere political bias or an adverse political philosophy is not sufficient to invalidate a quasi-judicial proceeding or disqualify members of a city commission. Hortonville Joint School Dist. No. 1 v. Hortonville Educ. Ass'n, 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976)(union felt that board manifested personal bitterness towards teachers in hearing to determine whether said teachers should be dismissed. Court found that teachers did not show that board members had the kind of personal or financial stake in the decision that might create a conflict of interest).
In this case, Rachel's has established more than mere political bias or an unfriendly political atmosphere. In effect, it was denied the right to challenge, through cross-examination, the testimony of the principal witness against it. The evidentiary rulings by Mayor Pronovost were not *697 merely erroneous but rather reflect a bias so pervasive as to have rendered the proceedings violative of the basic fairness component of due process. We reverse the order denying Rachel's motion for a temporary injunction.
REVERSED.
HARRIS and PETERSON, JJ., concur.

ON MOTION FOR CLARIFICATION
COBB, J.
The appellant, Rachel's, has filed a motion seeking clarification of our opinion issued on November 30, 2001. We grant the motion and direct the trial court to enter the temporary injunction sought by the appellant, said injunction to remain in effect pending resolution of Seminole Entertainment, Inc. v. City of Casselberry, Florida, Case No. 5D01-2312 (petition for writ of certiorari).
GRANTED.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] The City's adult entertainment licensing ordinance was expressly declared to be valid in Boss Capital, Inc. v. City of Casselberry, 187 F.3d 1251 (11th Cir.1999).
[2] Commissioner Henson ultimately cited a conflict of interest and did not participate in any vote.
[3] The commission decided to utilize a "clear and convincing" standard as opposed to a preponderance of the evidence standard.
[4] The standard for determining whether an act of a municipal corporation is quasi-judicial is whether that action is dependent upon a showing made at a hearing required by law to afford due process to the affected party. Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla.1957); City of Tampa v. Islands Four, Inc., 364 So.2d 738 (Fla. 2d DCA 1978); Board of County Comm'rs of Hillsborough County v. Casa Development Ltd., II, 332 So.2d 651 (Fla. 2d DCA 1976). The act is quasi-judicial if due process is simply required by the nature of the right or privilege at issue. A licensee has a property right in renewal of a business license of which he cannot be deprived absent the requisites of due process. Vicbar.