866 So.2d 1242 (2004)
SEMINOLE ENTERTAINMENT, INC., Appellant,
v.
CITY OF CASSELBERRY, Florida, Appellee.
No. 5D02-3605.
District Court of Appeal of Florida, Fifth District.
January 30, 2004.
Rehearing Denied March 11, 2004.
*1243 Steven G. Mason, of Law Office of Steven G. Mason, Orlando, and Victor L. Chapman and R. Steven Ruta, of Barrett, Chapman & Ruta, P.A., Orlando, for Appellant.
Usher L. Brown, Anthony A. Garganese, Erin J. O'Leary, of Brown, Salzman, Weiss & Garganese, P.A., Orlando, for Appellee.
GRIFFIN, J.
Appellant, Seminole Entertainment, Inc. d/b/a Rachel's ["Rachel's"], appeals the summary final judgment entered in favor of the City of Casselberry ["the City"] in its suit for declaratory and injunctive relief attacking the constitutionality of various provisions of ordinances within the code of the City. We affirm in part and reverse in part.
Rachel's has operated as an adult entertainment establishment within the corporate limits of the City since approximately March 1990. The Seminole County Sheriff's Office with the cooperation of the Orlando Police Department, the Casselberry Police Department, the Metropolitan Bureau of Investigation, and the Orange County Sheriff's Department initiated an undercover investigation of Rachel's on January 19, 2000. On November 10, 2000, the City issued Rachel's a notice of revocation of its adult entertainment license alleging that Rachel's had knowingly violated section 14-92 of the Casselberry Adult Entertainment Code by allowing (1) the use and sale of drugs on its premises, (2) prostitution on its premises, and (3) sexual activity on its premises. Rachel's filed a challenge to the revocation and requested a hearing. The City held a hearing on the revocation of Rachel's license, and on January 31, 2001, the City issued to Rachel's a final notice of revocation of its adult entertainment license for two years. The City allowed Rachel's to continue to operate its bar and restaurant.
Rachel's filed a complaint in the circuit court for declaratory judgment and permanent injunction (case # 01-CA-246-16-P) on February 1, 2001. In Count 1, Rachel's sought a declaratory judgment declaring sections 14-92 and 14-93 ("Adult Entertainment Code") unconstitutional under Article I, sections 2, 4, and 9 of the Florida Constitution. In count 2, Rachel's sought an injunction enjoining the City from enforcing the Code or its revocation order against Rachel's, and directing the City to vacate its order revoking Rachel's adult entertainment license. In connection with that case, Rachel's filed a motion for a temporary injunction and sought to have the court (1) require the City to set aside its order revoking Rachel's adult entertainment license, (2) prohibit the City from enforcing its license revocation order, and (3) forbid the City from enforcing the Adult Entertainment Code against Rachel's. The trial court denied the motion.
After filing its complaint for declaratory judgment, Rachel's filed a petition for writ of certiorari in the circuit court seeking to have the court vacate or require the City to vacate its order revoking Rachel's adult entertainment license. Principally, Rachel's argued that (1) the City denied Rachel's its right to a neutral, unbiased fact finder; (2) sections 14-92 and 14-93 and the hearing process denied it substantive and procedural due process; (3) the City *1244 unlawfully revoked its license because there was no evidence that the ownership had actual knowledge of, or was culpably negligent in failing to deter, any illegal activity; (4) the City Code, including sections 14-92 and 14-93, constituted an unconstitutional prior restraint because it gave the City Commission unbridled discretion to revoke a license; (5) the City relied upon the wrong standard of review and improperly shifted the burden to Rachel's to establish that its adult entertainment license should not be permanently revoked; and (6) the Adult Entertainment Code does not provide for prompt judicial review if the City revokes a license, nor does it provide for a stay of the revocation until review by a court.
Rachel's appealed the trial court's denial of the temporary injunction to this court. This court reversed because it concluded that Rachel's had been denied due process. Seminole Entertainment, Inc. v. City of Casselberry, 811 So.2d 693 (Fla. 5th DCA 2001) ("Rachel's I"). This court concluded, however, that the temporary injunction would only remain in effect until the certiorari was heard.
On July 17, 2001, the circuit court judge denied Rachel's petition for writ of certiorari and affirmed the City Commission's revocation of Rachel's license. The court concluded that Rachel's had failed to demonstrate that (1) the City had denied it procedural due process, (2) the City had not followed the essential requirements of the law, or (3) the findings were not supported by substantial, competent evidence. Rachel's sought certiorari review of the circuit court's opinion in this court. On March 22, 2002, this court affirmed the circuit court's denial of Rachel's petition in Seminole Entertainment, Inc. v. City of Casselberry, 813 So.2d 186 (Fla. 5th DCA) ("Rachel's II"), review denied, 835 So.2d 269 (Fla.2002), and cert. denied, 539 U.S. 915, 123 S.Ct. 2276, 156 L.Ed.2d 130 (2003).
On July 2, 2002, Rachel's filed a motion for final summary judgment in the declaratory judgment action asserting:
1) the Adult Entertainment Code violated due process and constituted an unconstitutional prior restraint;
2) the Adult Entertainment Code constituted an unconstitutional prior restraint because it did not provide for prompt judicial review;
3) the Adult Entertainment Code constituted a prior restraint and violated due process because it prohibited the presentation of protected entertainment and punished the club's ownership without establishing actual or constructive knowledge;
4) the Adult Entertainment Code violated Article I, section 4 and 9 of the Florida Constitution in that it does not provide the licensee an opportunity to curb or remedy any unlawful activity prior to revoking its license;
5) the hearing process violated substantive and procedural due process because it did not provide any mechanism to apprise the plaintiff of the specific evidence and witnesses used to support revocation;
6) the Adult Entertainment Code did not further a substantial government interest and did not constitute the least-restrictive means to further the City's interest;
7) the revocation process violated the Florida Constitution in that the burden of proof was by preponderance of the evidence and not clear and convincing evidence;
8) the revocation process did not provide for basic due process and for a fair hearing because the City Commission is *1245 the jury and appoints the City Manager who is the prosecutor;
9) the definition of "violation" in the Code does not require a criminal conviction, court process, or adjudication in order for the City to revoke an adult entertainment license.
The City also filed a motion for summary judgment contending that, under this court's decision in Rachel's II, the doctrine of res judicata barred Rachel's from raising issues as to the constitutionality of the Adult Entertainment Code. Further, the City maintained that Rachel's remedy at law was through a petition for certiorari, not a declaratory judgment. The trial court agreed and entered a summary final judgment in favor of the City.
In a real sense, the adverse judgment suffered by Rachel's is a self-inflicted wound. By filing parallel proceedings and raising every conceivable constitutional issue in both cases without discriminating between them, Rachel's has invited the conclusion that all issues were raised or could have been raised in Rachel's II. Nevertheless, when an aggrieved party asserts a constitutional challenge to the facial validity of an ordinance, an original declaratory judgment or injunction action in the circuit court is the proper vehicle. Because Rachel's is attacking the constitutionality of the Adult Entertainment Code, its declaratory judgment action in the circuit court was appropriate. See e.g., First Baptist Church v. Miami-Dade County, 768 So.2d 1114, 1115 n. 1 (Fla. 3d DCA 2000); Nostimo, Inc. v. City of Clearwater, 594 So.2d 779, 782 (Fla. 2d DCA 1992); Hirt v. Polk County Bd. of County Comm'rs, 578 So.2d 415, 417 (Fla. 2d DCA 1991); City of Melbourne v. Hess Realty Corp., 575 So.2d 774, 775 (Fla. 5th DCA 1991). That Rachel's could have raised, but did not raise, a given constitutional claim in the certiorari proceeding is not fatal to its entitlement to raise it in its declaratory judgment action.[1]
We agree with the City, however, that Rachel's may not relitigate in this proceeding the constitutional attacks on the City's ordinances that it chose to raise and actually did pursue in its appeal of the license revocation decision. These have all been examined and rejected in Rachel's II and cannot be raised again. These constitutional claims raised by Rachel's were well within the scope of this court's analysis of whether the trial court applied the correct law.
On the other hand, among the myriad constitutional complaints Rachel's has asserted in the action below, there are a few that it chose not to assert in Rachel's II. Based on our review, this appears to include the claims in paragraphs 29-32 and 40 of the complaint. Accordingly, these constitutional claims are not barred by the prior litigation and to that extent, the trial court erred in entering a summary judgment on them. We express no opinion as to their merit, or lack of merit, however.
AFFIRMED in part; REVERSED in part; and REMANDED.
PLEUS and ORFINGER, JJ., concur.
NOTES
[1] The trial court's reliance on footnote one in the Rachel's II opinion to conclude otherwise was misplaced. In fact, the footnote observed the distinction between use of certiorari to contest the license revocation and the use of an injunction to prevent enforcement of an (unconstitutional) ordinance. Seminole Entertainment, Inc. v. City of Casselberry, 813 So.2d at 188-89, n. 1.