881 So.2d 625 (2004)
Raleigh WILSON, Sr., et al., Appellants,
v.
COUNTY OF ORANGE, Appellee.
No. 5D03-4065.
District Court of Appeal of Florida, Fifth District.
August 6, 2004.
Clarification Denied September 17, 2004.
*627 Charlie S. Martin of McLeod, McLeod, McLeod, P.A., Apopka, for Appellants.
Gretchen R.H. Vose and Wade C. Vose, Vose Law Firm, LLC, Winter Park, for Appellee.
PLEUS, J.
The Wilsons appeal the dismissal with prejudice of their five-count Second Amended Complaint ("complaint"). They argue that the lower court erred in dismissing Count I because the allegations were sufficient to establish a claim under 42 U.S.C. § 1983. They also argue that the lower court improperly dismissed the remaining counts for declaratory relief, in which they challenged the facial constitutionality of certain statutes and ordinances dealing with code violation procedures. We agree and reverse as to all five counts.

Factual Allegations in the Complaint
According to the allegations in the complaint, the Wilsons owned a trailer park in Orange County. In 1996, the Wilsons began evicting a tenant for unpaid rent. A county code inspector, whom they had seen coming and going from the same tenant's trailer, argued with the Wilsons and told them if they moved forward with the eviction, he would "cause them many problems." Immediately thereafter, the Wilsons found red tags on every trailer in the park. The tags informed each tenant they had 48 hours to move out because the trailers were unsafe and uninhabitable.
In January, 1997, the code inspector conducted warrantless searches of three trailers in the park, purported to find code violations and issued citations to the Wilsons giving them 45 days to correct the violations. In August, code inspectors prepared statements of violation and requests for hearing for the three trailers. In September, the Wilsons received a notice of hearing advising that a hearing would be held before the Code Enforcement Board ("CEB") regarding the violations on the three trailers.
On October 15, the CEB held a hearing and found the violations existed on the properties. The violation orders gave the Wilsons 30 days to correct the violations *628 and established what work needed to be done. The orders also provided that fines of $100 per residence would be imposed for each day the violations remained uncorrected after November 15, 1997.
The Wilsons allege they timely completed the work required. Nevertheless, in March 1998, a code inspector filed affidavits of noncompliance with the October 15 orders. Relying solely on the affidavit of noncompliance and without conducting any further hearing, the CEB entered three orders imposing fines of $300 per day until the properties were brought into compliance. In June 1997, the orders were recorded in the public records as a lien against the Wilsons' real and personal property.
In January 1999, a code inspector filed an affidavit of compliance regarding the three trailers. Based on the dates involved, the county imposed fines of $117,100. In May 2000, the CEB entered an amended order reducing the fines by 80% to $23,420, which the Wilsons promptly paid.
In Count I of the complaint, the Wilsons sought damages pursuant to 42 U.S.C. § 1983, alleging that the County (1) violated their Fifth Amendment right to procedural due process by imposing fines and a lien on their property without notice and an opportunity to be heard; (2) violated their Fifth Amendment right to substantive due process by imposing fines and a lien against their property based solely upon a one-sided affidavit of noncompliance; and (3) violated their Eighth Amendment right against excessive fines.
In Counts II through V, the Wilsons sought declaratory relief, challenging the facial constitutionality of various code enforcement statutes and ordinances. Specifically, Count II alleged that section 162.09(1), Florida Statutes[1] and section 11-37(a), Orange County Code, were facially unconstitutional for authorizing imposition of fines and liens against property without providing for notice and an opportunity to be heard. Count III alleged that sections 162.07 and 162.09(1), Florida Statutes, and sections 11-35 and 11-37(a), Orange County Code, were facially unconstitutional for authorizing the imposition of fines and liens based solely upon the affidavit of a code inspector. Count IV alleged that section 162.09(1), Florida Statutes, and section 11-37(a), Orange County Code, were facially unconstitutional for authorizing imposition of excessive fines. Count V alleged that section 28-41, Orange County Code,[2] was facially unconstitutional for authorizing warrantless searches of property without any guidelines or standards.
The County filed a motion to dismiss alleging that the complaint failed to state sufficient ultimate facts to support its causes of action and the constitutional challenges were barred by the failure to *629 exhaust administrative remedies and res judicata. Without explanation in this record, the lower court dismissed the complaint with prejudice.

Standard of Review
The standard of review of an order granting a motion to dismiss is de novo. Pondella Hall For Hire, Inc. v. Lamar, 866 So.2d 719, 721 (Fla. 5th DCA 2004). Examination must be limited to the four corners of the complaint and the allegations in the complaint must be taken as true and in the light most favorable to the pleader. Id. Dismissal should not be granted on the basis of an affirmative defense, except when the face of the complaint is sufficient to demonstrate the existence of that defense. Scovell v. Delco Oil Co., 798 So.2d 844, 846 (Fla. 5th DCA 2001).

Count I: The 42 U.S.C. § 1983 Claim
The Wilsons argue that the lower court erred in dismissing Count I because they sufficiently alleged a cause of action under 42 U.S.C. § 1983. That section states, in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
In Rankin v. Colman, 476 So.2d 234 (Fla. 5th DCA 1985), this Court stated that "[t]o adequately state a cause of action under this statute, the plaintiff must allege only that a person acting under color of state law deprived him of rights protected by the United States Constitution or federal statutes." Id. at 236. The complaint must contain ultimate facts supporting each element of the cause of action. Id.
Orange County argues that the Wilsons' allegations are insufficient to meet the requirements of Rankin because they do not allege ultimate facts supporting each element of the cause of action. Instead, the County characterizes the allegations as "bald statements" without a factual basis. We disagree.
The Wilsons sued Orange County, not the individual code inspectors. A county falls within the definition of "person" under 42 U.S.C. § 1983 and may therefore be sued for monetary, declaratory or injunctive relief. Southern Alliance Corp. v. City of Winter Haven, 505 So.2d 489 (Fla. 2d DCA 1987); Elder v. Highlands County Bd. of County Com'rs, 497 So.2d 1334, 1336 (Fla. 2d DCA 1986).
The complaint alleged that all actions of Orange County "were taken pursuant to Florida state statutes, § 162.01, Fla. Stat., et. seq., and Orange County, Florida ordinances, Chapter 11, Orange County Code ... and therefore under color of state law." More specifically, it alleged that pursuant to these statutory and code sections, the County (1) procured the "entry and recordation of CEB orders imposing fines and liens ... without a hearing"; (2) imposed fines and a lien based solely upon an affidavit; (3) imposed excessive fines; (4) conducted warrantless searches; (5) failed and refused with deliberate and reckless indifference to "cause its code inspectors and the CEB to desist from their actions which led to the deprivation of [the Wilson's] constitutional rights"; and (6) failed with deliberate and reckless indifference "to put in place a policy that would have required all inspectors ... to have received training in the code enforcement scheme and the limitations posed by the requirements of the Constitution of the *630 United States." The complaint explains in detailed terms the statutory scheme as well as the specific actions taken by the code inspectors and the CEB.
On the deprivation element, the Wilsons alleged that these actions violated their constitutional rights (1) not to be deprived of property without sufficient notice and opportunity to be heard prior to such deprivation, in violation of procedural due process under the Fifth Amendment; (2) not to be deprived of property based upon an irrebuttable presumption without proof, in violation of substantive due process under the Fifth Amendment; and (3) not to be subjected to excessive fines, in violation of the Eighth Amendment.

The Mathews Test
Orange County argues that the allegations in Count I are belied by the exhibits attached to the complaint. They argue that the exhibits to the complaint demonstrate as a matter of law that sufficient notice and an opportunity to be heard was given to the Wilsons under the test stated in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Mathews requires consideration of three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Id. at 335.
Orange County concedes that imposing a lien on someone's property "may be sufficient to merit due process protection." However, the County attempts to minimize the significance of this interest by arguing that: (1) there is no automatic procedure for collecting the fine; (2) the Wilsons have "ample opportunity" to challenge the imposition, validity and amount of the fine assessed; and (3) the fine may be vacated or reduced should the Wilsons succeed in challenging it. The County argues that the risk of an erroneous deprivation is low because the code inspectors are skilled professionals who are trained to determine complex and technical code violations. They also contend that the government's interest in protecting the public through code enforcement is high and the administrative burden of requiring additional hearings would be great.
We do not believe these arguments can be decided by a motion to dismiss, but are more properly decided after a jury has had the benefit of hearing evidence and argument from both parties on these issues.[3] Accordingly, we conclude that the Wilsons' allegations sufficiently alleged a cause of action under 42 U.S.C. § 1983.

Counts II through V: The Constitutional Challenges
The Wilsons argue that the lower court erred in dismissing Counts II through V because those counts attacked the facial constitutionality of statutes and ordinances. Orange County argues that the trial court properly dismissed these counts because (1) the counts fail to allege sufficient ultimate facts to support a cause of action; (2) the Wilsons failed to exhaust all of their administrative remedies; and (3) these constitutional challenges could have been raised in an appeal of the CEB *631 final order and are therefore barred by res judicata.

Sufficiency of the Pleadings
Generally speaking, individuals may challenge the validity of a statute in a declaratory judgment action. Martinez v. Scanlan, 582 So.2d 1167 (Fla.1991).
The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all. Platt v. General Dev. Corp., 122 So.2d 48 (Fla. 2d DCA 1960), cert. dismissed, 129 So.2d 143 (Fla.1961). Thus, to activate jurisdiction the party seeking a declaration must show that he is in doubt as to the existence or nonexistence of some right, status, immunity, power, or privilege and that he is entitled to have such doubt removed. Flagship Real Estate Corp. v. Flagship Banks, Inc., 374 So.2d 1020 (Fla. 2d DCA 1979); Hialeah Race Course[, Inc. v. Gulfstream Park Racing Ass'n, 210 So.2d 750 (Fla. 4th DCA 1968)]. In this regard, the plaintiff must show a bona fide, actual, present, and practical need for the declaration. Platt, 122 So.2d at 50, citing May v. Holley, 59 So.2d 636 (Fla.1952).
X Corp. v. Y Person, 622 So.2d 1098, 1101 (Fla. 2d DCA 1993).
We conclude the allegations were sufficient to invoke the circuit's jurisdiction to determine the constitutionality of the challenged statutes and ordinances. The Wilsons alleged an "immediate, substantial and actual justiciable controversy" between themselves and Orange County. The factual allegations support this assertion. Acting pursuant to the challenged statutes and ordinances, the County imposed thousands of dollars in fines and caused the Wilsons to lose significant rental income. These allegations were sufficient to demonstrate a "bona fide, actual, present, and practical need" for a declaration of their rights, vis-a-vis the challenged statutes and ordinances.

Failure to Exhaust Administrative Remedies
Orange County argues that these challenges were properly dismissed because of the Wilsons' failure to exhaust administrative remedies. Specifically, the County alleges that the Wilsons failed to appeal the CEB's final order imposing fines and a lien. This argument fails for several reasons. First, failure to exhaust administrative remedies is an affirmative defense that is not apparent on the face of the complaint. Thus, it cannot be a valid basis for dismissal. Scovell. Second, failure to file an appeal to the circuit court pursuant to section 162.11, Florida Statutes, is not technically an administrative remedy. Third, even if this defense was applicable and apparent on the face of the complaint, it would not preclude a facial challenge to the constitutionality of the statute or ordinance being implemented. It is well established that the facial constitutionality of a statute may not be raised in an administrative proceeding. Key Haven Associated Enterprises, Inc. v. Board of Trustees of Internal Imp. Trust Fund, 427 So.2d 153, 157 (Fla.1982), superseded by statute on other grounds as noted in Bowen v. Florida Dep't of Envtl. Regulation, 448 So.2d 566 (Fla. 2d DCA 1984); Florida Public Employees Council 79, AFSCME v. Department of Children and Families, 745 So.2d 487 (Fla. 1st DCA 1999). For these reasons, we conclude that the Wilsons' facial constitutional challenges cannot be barred by failure to exhaust administrative remedies.

Res Judicata
We do not mean to imply that the Wilsons could not have raised their facial *632 challenges in an appeal to the circuit court of the order imposing fines. Section 162.11, Florida Statutes, provides for an appeal of CEB final orders, which has been held to be the proper forum to address constitutional claims. See Holiday Isle Resort & Marina Associates v. Monroe County, 582 So.2d 721, 721 (Fla. 3d DCA 1991) (holding that appeal under section 162.11 was proper forum to raise both facial and as applied constitutional challenges to code enforcement procedure). Accordingly, the Wilsons could have raised their constitutional challenges on appeal to the circuit court.
Because this option was available, Orange County argues that their constitutional challenges are barred by the doctrine of res judicata. We disagree. Res judicata is also an affirmative defense not apparent on the face of the complaint, and therefore, not cognizable on a motion to dismiss.
Even if it was apparent on the face of the complaint,[4] res judicata would not bar these challenges. Orange County correctly argues that res judicata applies not only to matters previously raised, but also to matters which could have been raised, citing AGB Oil Co. v. Crystal Exploration and Production Co., 406 So.2d 1165, 1167 (Fla. 3d DCA 1981). However, as the supreme court in Albrecht v. State, 444 So.2d 8 (Fla.1984), superceded by statute on other grounds as noted in Bowen v. Florida Dept. of Environmental Regulation, 448 So.2d 566 (Fla. 2d DCA 1984), noted:
[T]his principle only applies when the elements of res judicata are present and the doctrine is properly applied. Where the second suit is upon the same cause of action and between the same parties as the first, res judicata applies. The first judgment is conclusive as to all matters which were or could have been determined. It has been well settled by this Court that several conditions must occur simultaneously if a matter is to be made res judicata: identity of the thing sued for; identity of the cause of action; identity of parties; identity of the quality in the person for or against whom the claim is made. It is also a settled rule that when the second suit is between the same parties, but based upon a different cause of action from the first, the prior judgment will not serve as an estoppel except as to those issues actually litigated and determined in it. Therefore, if the cause of action is not the same there will be no estoppel as to those issues which could have been litigated in the previous action. The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions.
Albrecht, 444 So.2d at 11-12 (citations omitted). In the instant case, there is no identity of the causes of action. The original action was a code enforcement proceeding against the Wilsons. In the second action, the Wilsons sued Orange County for deprivation of rights under 42 U.S.C. § 1983 and also challenged the facial constitutionality of the applicable statutes and ordinances. These are different actions and the facts necessary to support them are different. In the first action, the county must present facts to prove that a code violation exists and later, must file an affidavit alleging facts showing that the violation has not been corrected. In the second action, the Wilsons must present *633 evidence in Count I showing that they have been deprived of their rights by a person acting under color of state law. In Counts II through V, the Wilsons must present evidence showing that the applicable statutes and ordinances, on their face, work a deprivation of certain due process rights. The evidence of a code violation and failure to cure the violation in the first action is not essential to the second action. Thus, the actions are not the same and one of the threshold elements of res judicata has not been met.
Two other cases provide additional support for this conclusion. In Seminole Entertainment, Inc. v. City of Casselberry, 866 So.2d 1242 (Fla. 5th DCA 2004), this Court held that res judicata may bar challenges to the facial constitutionality of a statute or ordinance if they were previously litigated, but it does not bar facial challenges that could have been raised. Instead, raising such claims by a separate declaratory judgment action in the circuit court is appropriate. Id. at 1244. Likewise, in Key Haven Associated Enterprises, Inc. v. Board of Trustees of Internal Imp. Trust Fund, 427 So.2d 153 (Fla.1983), superseded by statute on other grounds as noted in Bowen v. Florida Dept. of Environmental Regulation, 448 So.2d 566 (Fla. 2d DCA 1984), the supreme court held that a party aggrieved by agency action may attack the facial constitutionality of the statute being implemented by the agency in two ways. It may exhaust its administrative remedies and then raise the constitutional challenges in its appeal to the district court of the agency action. Or, it may bypass the administrative remedies and raise the constitutional challenge in a separate proceeding in the circuit court. Id. at 157.
Therefore, we conclude that although the Wilsons could have raised their facial challenges in an appeal of the fines, they can also raise them in a separate declaratory action. Accordingly, we reverse the dismissal with prejudice as to all five counts of the complaint and remand for further proceedings.
REVERSED and REMANDED.
MONACO, J., and DAVIDSON, L., Associate Judge, concur.
NOTES
[1] Section 162.09(1), Florida Statutes (1997) provided in pertinent part:

An enforcement board, upon notification by the code inspector that an order of the enforcement board has not been complied with by the set time ... may order the violator to pay a fine in an amount specified in this section for each day the violation continues past the date set by the enforcement board for compliance.... If a finding of a violation ... has been made as provided in this part, a hearing shall not be necessary for issuance of the order imposing the fine.
Section 11-37(a), Orange County Code (1997), was virtually identical to the above statute.
[2] Section 28-41, Orange County Code (1997) provided:

No person shall oppose, obstruct or resist and code inspector or any person authorized by the code inspector in the discharge of his duties as provided in this article.
[3] We note that the Wilson's allegations, if proven, are strikingly similar to the facts in Massey v. Charlotte County, 842 So.2d 142 (Fla. 2d DCA 2003). In his well reasoned opinion for the court in Massey, Chief Judge Altenbernd analyzed the Mathews factors and concluded that the property owners' procedural due process rights were violated.
[4] We note that on appeal, the Wilsons conceded they failed to appeal the order imposing fines.