# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-4088
Lower Tribunal No. 2022-CA-001117-0001-XX

_____

GENNA BRUGAL,

Appellant,

v.

CITY OF NAPLES,

Appellee.

_____

Appeal from the Circuit Court for Collier County.
Lauren L. Brodie, Judge.

August 1, 2025

MADRIGAL, D.M., III, Associate Judge.

Genna Brugal appeals the dismissal of her complaint for sex discrimination and retaliation under the Florida Civil Rights Act ("FCRA"). We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). Brugal raises two points of error. First, she contends the lower court erred by relying on a document not attached to the complaint, thereby straying beyond its "four corners." Second, Brugal argues her "dual filed" charge with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") was sufficient

under section 760.11, Florida Statutes (2019), to alert the City of Naples of claims under the FCRA, not merely federal law. Brugal is correct on both points. A complainant does not need to list the specific law violated on a dual filed charge and, thus, is not required to identify the FCRA in a dual-filed complaint that specifically references federal law in order to exhaust administrative remedies. Additionally, we agree with Brugal that the lower court's excursion beyond the "four corners" of the complaint was impermissible. Accordingly, we reverse the dismissal and remand for further proceedings.

## PROCEDURAL HISTORY

Genna Brugal is an officer with the City of Naples Police Department. She filed a Charge of Discrimination ("the Charge") with the EEOC alleging that she suffered sex discrimination and retaliation during her employment. Brugal's Charge was filed on EEOC Form 5, which lists both the EEOC and the FCHR. Brugal presented the Charge to both the FCHR and the EEOC:

| EEOC Form 5 (11/09) | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>510-2020-00990 |
| **Florida Commission On Human Relations**<br>State or local Agency, if any | | and EEOC |

Just above the line for Brugal's signature, she reiterated this intention:

> I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

2

In the form's narrative portion, Brugal alleged she had been "discriminated against because of sex in violation of Title VII of the Civil Rights Act of 1964, as amended." The charge did not specifically reference Florida law or allege any violation of the FCRA.

The EEOC issued a letter notifying Brugal that, because 180 days had elapsed since the EEOC assumed jurisdiction over the charge and her attorney had requested a right-to-sue letter, Brugal had the right to "institute a civil action under Title VII of the Civil Rights Act of 1964 . . . within 90 days of your receipt of this Notice." There is no indication Brugal ever filed suit in federal court alleging violations of Title VII.

Brugal did, however, file a complaint in Collier County Circuit Court alleging sex discrimination and retaliation against her employer. In it, Brugal alleged she was subjected to "a hostile work environment that included a pervasive regiment of bullying, abuse, and disparate treatment to which males were not subjected. . ." The complaint raised claims under the Florida Civil Rights Act but did not assert any claims under Title VII. In the complaint, Brugal asserted she had filed a Charge of Discrimination with the EEOC, "which by operation of law constituted filing a charge of discrimination with the Florida Commission on Human Relations," and that "[a]ll other conditions precedent to this action have been satisfied, have been waived[,] or would be futile."

Naples moved to dismiss the complaint with prejudice "because [Brugal] failed to satisfy mandatory conditions precedent to filing the suit by failing to exhaust her administrative remedies as required by Chapter 760, Florida Statutes, and case law." Naples argued that even though Brugal's charge was automatically dual filed with the FCHR, because she alleged only violations of federal law, her charge was treated as a Title VII claim only. Further, because the charge of discrimination did not allege violation of Florida law, she must first meet her burden under the FCRA to exhaust her administrative remedies before filing suit. In response, Brugal argued: (i) it would be error for the trial court to dismiss the complaint for failure to exhaust based on the content of a charge of discrimination not attached to the complaint and to ignore the allegation in her complaint that she had satisfied all conditions precedent, and (ii) under applicable law, the Charge of Discrimination in this case was "dual filed" with the EEOC and FCHR under the work-sharing arrangement between those agencies. The trial court referred the matter to the general magistrate.

Following a hearing, the magistrate entered a "Recommended Order Granting Defendant's Motion to Dismiss with Prejudice." The magistrate found that Brugal's Charge of Discrimination only alleged violations of Title VII and failed to allege any violation of the FCRA. As a result, Brugal failed to file a charge of discrimination under Florida law pursuant to the FCRA. Thus, the magistrate found that Brugal

4

failed to exhaust her administrative remedies, leaving the trial court without subject matter jurisdiction over her FCRA claims, and that she was unable to remedy this deficiency because the time to file a charge of discrimination under the FCRA had expired. In other words, the magistrate looked at Brugal's Charge of Discrimination which Naples attached to its motion to dismiss and determined that Brugal had not met the conditions precedent to the action and thus, the trial court lacked subject matter jurisdiction over the FCRA state claims.

Brugal timely filed an exception to the recommended order with the trial court. After a hearing on Brugal's exceptions to the recommended order, the trial court indicated it would deny the City's motion. The next day, the City filed a motion for reconsideration citing *Belony v. North Broward Hospital District*, 374 So. 3d 5, 8 (Fla. 4th DCA 2023). Acknowledging *Belony*'s binding nature, the trial court issued an "Order Denying Exceptions and Approving the General Magistrate's Recommended Order." The court then entered a final order dismissing Brugal's complaint with prejudice and this appeal ensued.

## ANALYSIS

### A.  Sufficiency of the Charge of Discrimination

This court reviews a final order dismissing a complaint with prejudice de novo. *Riggins v. Clifford R. Rhoades, P.A.*, 373 So. 3d 655, 659 (Fla. 6th DCA 2023). A motion to dismiss tests the legal sufficiency of a complaint to state a cause of

action. *Id.* at 659. We begin with Brugal's second contention on appeal, that her dual filed charge of discrimination was sufficient under section 760.11, Florida Statutes (2019) and thus, she had exhausted administrative remedies and met all conditions precedent to filing suit. Recently, the Florida Supreme Court tackled the same issue in *Steak N Shake, Inc. v. Wilfred Ramos*, 50 Fla. L. Weekly S167 (Fla. July 10, 2025)[1].

The Florida Supreme Court answered the question in the affirmative and held that nothing in the FCRA required a claimant to specifically allege the specific law violated. *Id.* The Supreme Court rejected the argument advanced by Naples in this matter. "There is simply no requirement that a complaint specifically reference the FCRA when it is dual filed, even if it only references federal law." *Id.* at S169. Thus, notice to the FHRC was sufficient, Brugal exhausted all administrative remedies and complied with all conditions precedent, and the motion to dismiss should have been denied. For this reason alone, we would reverse and remand for further proceedings.

---

[1] At the Supreme Court, Steak N Shake asserted that when a claimant alleges a violation of federal law in a complaint that is dual filed with the EEOC and the FCHR, the claimant must also specifically allege a violation of the FCRA.

6

**B.    The Four Corners Doctrine**

Alternatively, we also write to address the other point raised by Brugal in her appeal: whether the trial court erred by venturing beyond the "four corners" of her complaint when it granted Naples's motion to dismiss (quoting *Landmark Funding, Inc. ex. rel. Naples Syndications, LLC v. Chaluts*, 213 So. 3d 1078, 1079 (Fla. 2d DCA 2017)).  A trial court must follow the "four corners rule" and limit its review to the four corners of the complaint and any attachments to the complaint. *Santiago v. Mauna Loa Invs., LLC*, 189 So. 3d 752, 755 (Fla. 2016).  Here, Brugal, as is required by Florida Rule of Civil Procedure 1.120(c), pleaded that she had complied with all conditions precedent prior to filing suit.  That rule states "it is sufficient to aver generally that all conditions precedent have been performed or have occurred." *Id*.  The question then turns to whether there is an exception that would allow a court to have gone outside the four corners of the complaint to evaluate if that statement was correct.

Florida law allows for the court, in certain instances, to go beyond the four corners of the complaint in ruling on a motion to dismiss.  "[A] court is permitted to consider evidence outside the four corners of the complaint where the motion to dismiss challenges subject matter jurisdiction or personal jurisdiction, or where the motion to dismiss is based upon *forum non conveniens* or improper venue." *Steiner*

*Transocean Ltd. v. Efremova*, 109 So. 3d 871, 873 (Fla. 3d DCA 2013) (internal citations omitted).

Although a challenge to subject matter jurisdiction permits a court to look beyond the four corners of a complaint, Florida law is unclear on whether the exhaustion of administrative remedies, which is a condition precedent to filing suit under the FCRA, falls into this category. *Compare People's Tr. MGA, LLC v. Pesta*, 279 So. 3d 821, 823 (Fla. 4th DCA 2019) ("We have stated that failure to exhaust administrative remedies goes to the trial court's subject matter jurisdiction to hear a matter."), and *BJ's Wholesale Club, Inc. v. Bugliaro*, 273 So. 3d 1119, 1121 (Fla. 3d DCA 2019) ("Since the statute requires that an aggrieved party pursue his or her administrative remedies prior to filing a lawsuit, the trial court was without subject matter jurisdiction in this case."), *with Fla. Dep't of Health v. TropiFlora, LLC*, 265 So. 3d 673, 675 (Fla. 1st DCA 2019) ("[T]he failure-to-exhaust defense—if successful—would not deprive the trial court of subject-matter jurisdiction."), and *State Dep't of Env't Prot. v. PZ Const. Co.*, 633 So. 2d 76, 78 n.3 (Fla. 3d DCA 1994) ("Although often couched in jurisdictional terms, 'the doctrine requiring the exhaustion of administrative remedies is not jurisdictional. The exhaustion requirement is a court-created prudential doctrine; it is a matter of policy, not of power.'" (quoting *State, Dep't of Rev. v. Brock*, 576 So. 2d 848, 850 (Fla. 1st DCA 1991), *rev. denied*, 584 So. 2d 997 (Fla. 1991))). Simply put, if exhaustion of

8

administrative remedies triggers subject matter jurisdiction, then the court could properly go beyond the four corners of the complaint.

There are three types of jurisdiction recognized under Florida law: 1) subject matter jurisdiction; 2) personal jurisdiction; and 3) case or procedural jurisdiction. *U.S. Bank Nat'l Ass'n v. Anthony-Irish*, 204 So. 3d 57, 60 (Fla. 5th DCA 2016) (citing *Arcadia Citrus Growers Ass'n v. Hollingsworth,* 185 So. 431, 433 (1938)).

Where most confusion arises is with the misunderstanding of "case or procedural jurisdiction," which is often conflated with subject matter jurisdiction. Subject matter jurisdiction is the court's "authority to hear and decide the case." *In re Adoption of D.P.P.*, 158 So. 3d 633, 636 (Fla. 5th DCA 2014). It originates from Article V, sections 5 and 6 of the Florida Constitution and the statutes which enact those constitutional provisions. *See, e.g., §§ 26.012, 34.01* Fla. Stat. (2022). Subject matter jurisdiction is the power of a court to hear a *type* of case. *The Fla. Star v. B.J.F.*, 530 So. 2d 286, 288 (Fla. 1988). Thus, to challenge subject matter jurisdiction, a party must establish a court lacks authority to hear a *class* of cases, not just a lack of authority to grant the relief requested *in a particular case*. *In re Adoption of D.P.P.*, 158 So. 3d at 636–37.[2]

---

[2] As an example, county courts do not have subject matter jurisdiction over felony criminal matters because they are constitutionally unqualified to hear that class of cases. Conversely, while circuit courts are constitutionally qualified to hear felony criminal matters, they may lack case jurisdiction over a particular case with an untimely filed charging document.

Case or procedural jurisdiction, on the other hand, is a court's exercise of jurisdiction rather than the existence of jurisdiction. *FQS Enter. v. B & K Factor, Inc.,* 407 So. 3d 585, 587 (Fla. 3d DCA 2025) (Gooden, J., specially concurring). "Procedural jurisdiction has nothing to do with the scope of the court's constitutional or statutory power, or the status of the parties. Instead, it is a matter of compliance with applicable procedural principles, some codified in rules, but more often products of case law." *Id.* (quoting Scott Stephens, *Florida's Third Species of Jurisdiction*, 82 Fla. Bar J. 10, 11 (Mar. 2008)).

In other words, subject matter jurisdiction deals with a court's ability to preside over a class of cases to which a particular case belongs. Meanwhile, procedural or case jurisdiction deals with the power of a court over a particular case that is within its subject matter jurisdiction. Thus, identifying the type of jurisdiction at play in the instant matter is imperative to analyzing whether the trial court properly went outside the four corners of the complaint, or erred in doing so.

Understanding the types of jurisdiction makes it evident that failing to exhaust administrative remedies does not eliminate subject matter jurisdiction, because it does not prevent the circuit court from hearing that class of cases. The exhaustion doctrine is not jurisdictional, rather the "exhaustion requirement is a court-created prudential doctrine; it is a matter of policy, not of power." *Higgins v. Citrus Hill Prop. Owners Ass'n*, 392 So. 3d 602, 604 (Fla. 5th DCA 2024) (Kilbane, J.

10

concurring specially) (quoting *Brock*, 576 So. 2d at 850 ); *see also Gulf Pines Mem'l Park, Inc. v. Oaklawn Mem'l Park*, 361 So. 2d 695 (Fla. 1978); *Fla. Soc'y of Newspaper Eds., Inc. v. Fla. Pub. Serv. Comm'n*, 543 So. 2d 1262 (Fla. 1st DCA 1989). Accordingly, even if Brugal did not exhaust all administrative remedies, the circuit court still retained subject matter jurisdiction over sex discrimination and retaliation cases but, perhaps would not have jurisdiction over Brugal's particular case.

Having concluded that the failure to exhaust all administrative remedies does not impact a court's subject matter jurisdiction, the exhaustion doctrine should be raised as an affirmative defense and, unless it is apparent on the face of the complaint, is not the proper basis for a motion to dismiss. The majority of other districts have indicated similarly. *See Wilson v. Cnty. of Orange*, 881 So. 2d 625, 631 (Fla. 5th DCA 2004) ("[F]ailure to exhaust administrative remedies is an affirmative defense that is not apparent on the face of the complaint. Thus, it cannot be a valid basis for dismissal."); *Santana v. Henry*, 12 So. 3d 843, 847 (Fla. 1st DCA 2009) ("[T]he general rule is that exhaustion of administrative remedies is an affirmative defense . . . ."); *Braden Woods Homeowner's Ass'n, v. Mavard Trading, Ltd.*, 277 So. 3d 664, 671 (Fla. 2d DCA 2019) ("The failure to exhaust administrative remedies is typically an affirmative defense." (citing *Wilson*, 881 So. 2d at 631)).

11

Without any applicable exception to the "four-corners rule" the trial court should have accepted Brugal's allegations in her complaint as true and denied the motion to dismiss.

## CONCLUSION

Because Brugal's charge of discrimination complied with all statutory requirements under the Florida Civil Rights Act, she exhausted all administrative remedies and complied with all conditions precedent. Her complaint properly pleaded for relief, and the trial court improperly dismissed it. We reverse and remand for further proceedings.

REVERSED and REMANDED for further proceedings.

TRAVER, C.J., and STARGEL, J., concur.


Jennifer Daley and William R. Amlong, of The Amlong Firm, Fort Lauderdale, for Appellant.

John W. Keller, IV, Wayne L. Helsby, and Kimberly Wittman, of Allen Norton & Blue, P.A., Winter Park, and Susan Potter Norton, of Allen Norton & Blue, P.A., Coral Gables, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED