66 So.2d 495 (1953)
CAMPBELL
v.
JACKSONVILLE KENNEL CLUB, Inc.
Supreme Court of Florida, Special Division B.
July 24, 1953.
*496 P. Donald DeHoff, Jacksonville, for appellant.
Rush & Pierce, John A. Rush and Victor Blue, Jacksonville, for appellee.
PARKS, Associate Justice.
Dorothy L. Campbell brings action for slander in two counts against the defendant, Jacksonville Kennel Club, Inc. The first count charges that defendant at its race track, through a servant or employee acting within the scope of his employment, falsely and maliciously spoke and published of and concerning plaintiff the words, "`What man's pocket did you pick this out of?' meaning thereby that the plaintiff was a pickpocket and a criminal. Whereby, plaintiff suffered injury to her character and reputation, respect in the community and suffered mental anguish." The second count charges that the servant and employee spoke and published of her the words, "`I'm not cashing any ticket for any stoop.' meaning thereby, a person who picks up race track tickets off the ground and attempts to cash them in as his own purchased tickets. Whereby, plaintiff suffered injury to her character and reputation, respect in the community and suffered mental anguish."
The defense to the "pickpocket" count is that there was no publication of the slanderous words. The defense to the "stoop" count is that the charge is not per se slanderous and no special damages are alleged or proven.
On the occasion of the incident giving rise to the utterances the plaintiff with Mrs. Gerald J. Golden, a friend of several years standing, attended the dog races at defendant's track. They had attended the races together on numerous prior occasions and had bought "split" tickets many times. By "split ticket" is meant that each contributed $1 towards the purchase price of a $2 ticket. The winnings, if any, are, of course, divided equally between them. During the meet and prior to the running of the third race Mrs. Golden suggested that they split a 1-8 quinella ticket for that race which, after some discussion, was agreed to by plaintiff. Mrs. Golden then gave plaintiff $1 to which she added a like amount of her own money and bought the ticket retaining it in her possession. The ticket won and after several intervening races they went to the pay window to cash it, Mrs. Golden standing near plaintiff as she passed the ticket through the window for payment. It was at this point that defendant's employee, one Blattner, whose duty it was to cash the ticket, upon examining it, uttered the "pickpocket" charge. No one other than plaintiff and Mrs. Golden heard the charge. Upon plaintiff's demand the employee returned the ticket to her and she and Mrs. Golden turned away from the window and seeing nearby another of defendant's employees. one Pop Lavina, with whom they were well acquainted, related the incident to him. Thereupon, returning with them to the window he inquired of Blattner why he did not cash the ticket. His reply was the utterance charge in the "stoop" count.
At the trial plaintiff introduced evidence establishing the foregoing facts and rested. Thereupon, defendant moved the Court to direct a verdict on the "pickpocket" count on the ground that there was no publication of that charge. The Court agreed that there was no publication because Mrs. Golden, the only person other than plaintiff who heard it, was a joint adventurer in the purchase and collection of the ticket and announced that he would grant the motion. Then the defendant moved to dismiss the "stoop" count on the ground that it failed to state a cause of action for the reason that no special damages were alleged. The Court also granted this motion and dismissed the count. Plaintiff thereupon took nonsuit with bill of exceptions to the ruling in the "pickpocket" count and excepted to the granting of the motion to dismiss the "stoop" count. Errors are assigned to both rulings.
We think the trial Judge was right in holding that plaintiff and Mrs. Golden were joint adventurers in the purchase of the ticket. It was a purchase of specific property for speculation. The elements *497 of both profit sharing and loss sharing were present, a community of interest in the ticket, mutuality of control over it and, therefore, equal authority with respect to its collection at the pay window. Each party was the agent of the other in all matters concerning the purchase, disposition and collection of it. All elements of a joint adventure were present. Proctor v. Hearne, 100 Fla. 1180, 131 So. 173; Drew v. Hobbs, 104 Fla. 427, 140 So. 211, 141 So. 596; Coral Gables Securities Corp. v. Miami Corp., 123 Fla. 172, 166 So. 655; Albert Pack Corp. v. Fickling Properties. Inc., 146 Fla. 362, 200 So. 907; Livingston v. Twyman, Fla., 43 So.2d 354. The utterance of the slanderous words to plaintiff in the presence of her co-adventurer was no publication within the meaning of the law of slander. The accusation against plaintiff was, likewise, one against Mrs. Golden. Wrought Iron Range Co. v. Blotz, 123 Miss. 550, 86 So. 354; Mims v. Metropolitan Life Insurance Co., 5 Cir., 200 F.2d 800; McDaniel v. Crescent Motors, 249 Ala. 330, 31 So.2d 343, 172 A.L.R. 204; Starnes v. St. Joseph Ry., L.H. & P. Co., 331 Mo. 44, 52 S.W.2d 852; Harbison v. Chicago R.I. & P.R. Co., 327 Mo. 440, 37 S.W.2d 609, 79 A.L.R. 1; Bull v. Collins, Tex.Civ.App., 54 S.W.2d 870.
We also agree with the trial Judge that the "stoop" count failed to state a case, in the absence of an allegation of special damage.
It is established in most jurisdictions that an oral communication is actionable per se  that is, without a showing of special damage  if it imputes to another (a) a criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome and communicable disease, or (c) conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession, or office, or (d) the other being a woman, acts of unchastity. See Restatement, Torts, Section 570.
But it is not true, as contended by the appellee, that the character of the defamation  whether per se or only per quod  must be determined solely by reference to the words actually used.
Insofar as the cause of action is concerned, the only practical difference between words which are actionable per se and those which are actionable only per quod (that is, only upon an allegation and proof of special damage) lies in the proof of the resulting injury.
"In the case of words actionable per se, their injurious character is a fact of common notoriety, established by the general consent of men, and the court consequently takes judicial notice of it. They necessarily import damage, and therefore in such cases general damages need not be pleaded or proved, but are conclusively presumed to result; nor need special damage be shown in order to sustain the action. * * * Words actionable only per quod are those whose injurious effect must be established by due allegation and proof." 33 Am.Jur., Libel and Slander, Section 5, page 40.
If the defamatory remarks have the effect of imputing to the person defamed any of the conduct or characteristics defined above as "actionable per se," then it makes no difference whether such defamation is accomplished directly by words which prima facie impute such conduct or characteristics, or by indirection  the injury to the reputation of the person defamed is the same in either case and the same damages must be presumed to result therefrom. In the latter case  that is, if the words have the slanderous meaning alleged, not by their own intrinsic force, but by reason of the existence of some extraneous fact or facts, the plaintiff must set them out in the "inducement." And, as stated in Newell on Slander and Libel, 4th Ed., Section 529, page 574: "The fact then must be averred in a traversable form, with a proper colloquium, to wit, an averment that the words in question are spoken of and concerning such usage, or report, or fact, whatever it is, which gives the words, otherwise indifferent, the particular defamatory meaning imputed to them. Then the word `meaning' or `innuendo' is used with great propriety and effect in connecting the matter thus introduced by averments and colloquia with the particular words laid, showing their identity, and drawing what is now the legal inference *498 from the whole declaration, including the averments and colloquia, that such was, under the circumstances thus set out, the meaning of the words used."
Innuendo may be "properly used to point the meaning of the words alleged to have been spoken, in view of the occasion and circumstances, whether appearing in the words themselves, or extraneous prefatory matters alleged in the declaration." McLaughlin v. Fisher, 136 Ill. 111, 116, 24 N.E. 60, 62. And as stated in Mishkin v. Roreck, 202 Misc. 653, 115 N.Y.S.2d 269, 274: "Should there be some unexpressed base and vile meaning to words superficially innocent, innuendo may be supplied to give the full impact of the accusation."
If, then, the effect of the decision of this court in Commander v. Pedersen, 116 Fla. 148, 156 So. 337, is as contended by appellee  that is, that "words that are not on their face defamatory per se cannot be aided by innuendoes and extrinsic facts and circumstances, so as to make them defamatory or slanderous per se"  then we hereby recede from that portion of our opinion in Commander v. Pedersen, supra; and we hold that even though the full impact of an alleged defamatory communication must be shown by allegations of inducement, colloquium and innuendo, it is nonetheless actionable per se, without the necessity of showing special damage, if the defamation falls within any of the classifications above noted.
In the instant case, the allegation that the plaintiff was a "stoop", with the innuendo "meaning thereby a person who picks up race track tickets off the ground and attempts to cash them in as his own purchased tickets," is not such a defamation as falls within the above definition of words actionable per se, so that, in the absence of an allegation of special damage, the plaintiff failed to state a cause of action.
For the reasons stated, the judgment appealed from should be and it is hereby
Affirmed.
ROBERTS, C.J., and MATHEWS and DREW, JJ., concur.