397 So.2d 1148 (1981)
Robert W. LUNDQUIST and K & L Contractors, Inc., et al, Appellants,
v.
Edgar Lurie ALEWINE et al, Appellees.
No. 79-712/T4-472.
District Court of Appeal of Florida, Fifth District.
April 1, 1981.
Rehearing Denied May 5, 1981.
W.C. Airth, Jr., of Fowler, Williams & Airth, P.A., Orlando, for appellants.
*1149 William R. Herrman of Malone & Harrison, Orlando, for appellees.
ORFINGER, Judge.
Appellants were defendants in a slander action which resulted in a jury award against them. They contend that the trial court erred in not granting their motion for directed verdict, or alternatively, in denying their motion for judgment notwithstanding verdict. Further, the corporate defendant contends that an award of punitive damages against it is unwarranted when there was no award of compensatory damages.
Appellee sued appellant K & L Contractors, Inc., and its employee, Robert Lundquist, for slander. K & L is a construction company which was involved in the construction of a water line for a municipality. The plaintiff, an employee of the General Water Works Corporation, had the duty of inspecting the progress of the water line and the quality of its construction for his employer. Following a discussion between Lundquist and appellee about an alleged construction defect, Lundquist returned to his office and reported to officers of K & L that appellee had solicited a bribe to overlook the defect.[1] Carl Kelly, an officer of K & L, corroborated the discussion between Lundquist and the other officers of the corporation. Kelly further testified that he reported the alleged bribe offer to appellee's employer and the record reflects that following Kelly's report, appellee was discharged.[2]
When the words published concerning a person tend to degrade him, bring him into ill repute, destroy confidence in his integrity, or cause like injury, such language is actionable per se. Montgomery v. Knox, 23 Fla. 595, 3 So. 211 (1887); Stewart v. Codrington, 55 Fla. 327, 45 So. 809 (1908). Malice is an essential element of slander and may be presumed by the actionable per se nature of the alleged publication. Where, however, a qualified privilege exists, the plaintiff must prove express malice or malice in fact in order to recover. Abraham v. Baldwin, 52 Fla. 151, 42 So. 591 (1906); Axelrod v. Califano, 357 So.2d 1048 (Fla.1st DCA 1978).
The crux of the appellants' argument on appeal centers around the existence of a "conditionally privileged publication." This privilege, also known as a "qualified business privilege" or "qualified privilege," is discussed in 19 Fla.Jur.2d Defamation and Privacy § 58 (1979), as follows: "a communication made in good faith on any subject matter by one having an interest therein, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which would otherwise be actionable, and though the duty is not a legal one, but only a moral or social obligation."
The elements essential to the finding of a conditionally privileged publication are (1) good faith, (2) an interest to be upheld, (3) a statement limited in its scope to this purpose, (4) a proper occasion, (5) publication in a proper manner. Abraham v. Baldwin, supra; Leonard v. Wilson, 150 Fla. 503, 8 So.2d 12 (1942). To be qualifiedly privileged, the communication must be made by a person having a duty or interest in the subject matter to another having a corresponding interest or duty. Axelrod v. Califano, supra.
The pertinent question, therefore is whether as a matter of law, a qualified interest existed in the instant case, thereby obviating the need for submitting the case to the jury.
In passing on a motion for directed verdict, the trial court cannot pass upon the credibility of witnesses or weigh the evidence. Though the court must consider the entire record, the jury is the trier of facts and is the judge of the credibility and weight of the evidence. As stated in Axelrod, supra, when the evidence is conflicting *1150 as to the existence or nonexistence of a privilege, there is a mixed question of law and fact, and the fact issue is to be determined by the jury.
In Abraham v. Baldwin, supra, the Florida Supreme Court explained that:
Whether slanderous words uttered are a privileged communication depends upon the circumstances under which they were uttered, and whether or not the facts and circumstances when conceded, establish the privilege, is a question of law for the court; but when the facts and circumstances under which the communication was made are not conceded, the court cannot as a matter of law determine whether the communication was or was not privileged, and a jury must determine the facts under proper instructions from the court.
See also, Myers v. Hodges, 53 Fla. 197, 44 So. 357 (1907).
In Glynn v. City of Kissimmee, 383 So.2d 774 (Fla.5th DCA 1980), in reversing a summary judgment for the defendant in a slander action, we held that a summary judgment was improper when the existence of a qualified privilege was controverted, and under those circumstances whether the privilege exists or has been exceeded is a mixed question of law and fact which should be determined by the trier of facts. See also Axelrod v. Califano, supra.
Here, the facts were not conceded. Thus the trial court was correct in submitting the factual dispute to the jury. There is no contention that the trial court failed to properly instruct the jury. Since a jury issue was presented, there was no error in denying appellee's motion for directed verdict or for judgment notwithstanding verdict.
On the question of awarding punitive damages against K & L without awarding compensatory damages, it is true that ordinarily a punitive damage award must rest upon some award of compensatory damages. American Motorcycle Institute v. Mitchell, 380 So.2d 452 (Fla.5th DCA 1980). However,
where the defamation complained of is actionable per se, punitive damages may be awarded even though the amount of actual damages is neither found nor shown, for in such a case, the requirement of a showing of actual damages as a basis of an award of exemplary damages is satisfied by the presumption of injury which arises from a showing of libel or slander that is actionable per se.
Saunders Hardware Five and Ten v. Low, 307 So.2d 893 (Fla.3d DCA 1975), cert. denied, 330 So.2d 21 (Fla. 1976). See also Bobenhausen v. Cassat Avenue Mobile Homes, 344 So.2d 279 (Fla.1st DCA 1977), cert. discharged, 363 So.2d 1065 (1978). Since the statements made are slanderous per se, malice is presumed. 19 Fla.Jur.2d Defamation and Privacy, § 5 (1979); Bobenhausen, supra. Thus the award of punitive damages was within the jury's discretion.
Appellants' other points have been considered but are without merit. Appellants having failed to demonstrate error, the judgments appealed from are affirmed.
AFFIRMED.
SHARP, J., and WALKER, GRISSIM H., Associate Judge, concur.
NOTES
[1] At trial, appellee specifically denied ever asking for or in any way soliciting money to overlook the defect.
[2] Appellee was reinstated with back pay approximately six months thereafter.