SHARP, Judge.
Hood appeals from the dismissal of Count I of his First Amended Complaint. Hood sued Connors for slander because of remarks made by Connors about Hood at political rallies during their 1980 campaign for elective office in Citrus County. The trial court dismissed Count I because it ruled Connor’s remarks were slander per quod, and not slander per se, since their defamatory character required some explanation of the circumstances during which they were made and the identity and status of Hood. It also ruled punitive damages were inappropriate. We disagree on both points.
*743 Slander “per se” is actionable on its face, but slander “per quod” requires additional explanation of the words used to show they have a defamatory meaning or that the person defamed is the plaintiff.[1] The primary difference between them is that for per se actions general damages will be presumed, but for per quod actions the plaintiff must allege and prove special damages.[2] Older Florida cases also held that in per se cases, malice was presumed, and need not be pled or proved.[3] However, this aspect of the Florida common law of defamation has been altered by the Federal cases which require that actual malice be alleged and proved when the plaintiff is a public figure, here a candidate for public office. See New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); Times Publishing Company v. Huffstetler, 409 So.2d 112 (Fla. 5th DCA 1982).
In this case we think Count I stated a cause of action for slander per se.[4] Hood alleged that he and Connors were running for political office (clerk of the county court), that he had previously served on the Board of County Commissioners, and that Connors was the incumbent. At five different political rallies, and during one radio broadcast, Connors accused Hood of using public funds to pave parking lots for a private business and to pave the streets of a subdivision in which Hood owned an interest while Hood was county commissioner. The allegations were:
Gene Hood had the parking lot of the W-D Pub paved with County funds when he was in office.
Gene Hood paved their parking lot while he was in office and he paved Sunrise Estates with taxpayers [sic] money before he left office.
The alleged statements accuse Hood of dishonest acts committed while holding public office, and the substance of the remarks directly impacts on his character and trustworthiness to hold public office. Such remarks usually constitute slander per se. Campbell v. Jacksonville Kennel Club, 66 So.2d 495 (Fla.1953); Lundquist v. Alewine, 397 So.2d 1148 (Fla. 5th DCA 1981); Glynn v. City of Kissimmee, 383 So.2d 774 (Fla. 5th DCA 1980). They could not be much more direct had Connors called Hood a thief and plunderer of the taxpayers of the County.[5]
Connors argues the slander was not per se because it was necessary for Hood to explain in his complaint that he was a former office holder seeking public office, that the remarks were made at rallies during a political election contest between them, and that the alleged paving was done to further Hood’s private business interests. However, the circumstances, time, and place of the defamatory statement and the situation of the person defamed should always be considered in determining what the average person who heard the remarks thought upon hearing them.[6] That does not make a per se slander per quod.[7] This is not a case where the defamatory nature of the remark is unclear without such explanations. Here the substance of the slander—lack of honesty and abuse of public trust—was obvious. See Harwood v. Bush, 223 So.2d 359 (Fla. 4th DCA 1969).
Also, in Count I Hood alleged that Connors made these false remarks either knowing they were false or “with a reckless disregard for the truth and without reasonable grounds for the Defendant” to believe they were true. He further alleged Con *744 nors made these remarks with intent to injure and defame him. These allegations are sufficient to charge actual malice[8] and we also think they are sufficient to support a demand for punitive damages.[9] Accordingly, this case is
REVERSED AND REMANDED.
ORFINGER, C. J., and COWART, J., concur.

. Campbell v. Jacksonville Kennel Club, Inc., 66 So.2d 495 (Fla.1953).

. Tip Top Grocery Co. v. Wellner, 135 Fla. 518, 186 So. 219 (1938).

. Wolfson v. Kirk, 273 So.2d 774 (Fla. 4th DCA 1973).

. Even if we concluded that the Connors’ remarks were slander per quod, Count 1 should not have been dismissed because Hood did allege items of special as well as general damages.

. Stewart v. Codrington, 55 Fla. 327, 45 So. 809 (Fla.1908).

. Campbell v. Jacksonville Kennel Club, Inc., 66 So.2d 495 (Fla.1953).

. id.

. New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

. Lundquist v. Alewine, 397 So.2d 1148 (Fla. 5th DCA 1981); Matthews v. Deland State Bank, 334 So.2d 164 (Fla. 1st DCA 1976).