440 So.2d 428 (1983)
WATER & SEWER UTILITY CONSTRUCTION, INC., a Florida Corporation, and Charles F. Rodgers, Appellants,
v.
MANDARIN UTILITIES, INC. a Florida Corporation; Jax Utilities Construction Company, Inc., a Florida Corporation, and J.A. Mixon, Appellees.
No. AO-216.
District Court of Appeal of Florida, First District.
October 21, 1983.
*429 Brent M. Turbow and Arthur T. Boone, Jacksonville, for appellants.
George D. Gabel, Jr., of Wahl & Gabel, Jacksonville, and William G. Cooper of Kent, Watts, Durden, Kent & Mickler, Jacksonville, for appellee Mandarin Utilities, Inc.
Richard C. Stoddard of Rumph & Stoddard, Jacksonville, for appellee J.A. Mixon.
Paul P. Sanford, of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee Jax Utilities Const. Company, Inc.
JOANOS, Judge.
Appellants, Water & Sewer Utility Construction, Inc. (W & S) and Charles F. Rodgers (Rodgers) appeal a summary judgment finding a qualified privilege for allegedly defamatory statements and finding no evidence of the claimed tortious interference with a business relationship or of tortious civil conspiracy. We affirm.
W & S is a water and sewer utility construction company, managed by Rodgers. Mandarin Utilities (Mandarin) is a public utility furnishing water and sewer service to areas of Duval County. J.A. Mixon (Mixon) is president of Mandarin and was the president of Jax Utilities Construction Company, Inc. (Jax) until he divested himself of his Jax holdings under advisement that there may be a conflict of interest.
W & S brought suit for defamation, tortious interference with a business relationship and tortious civil conspiracy when Mandarin communicated orally and in writing to three area developers that W & S was "not qualified," their work was "not satisfactory," and that they "would never be qualified."
Specifically, one developer, Ray's Distributing Co. (Ray's), requested utility service from Mandarin. Mandarin furnished Ray's with a list of acceptable contractors and a list of qualifications for acceptable contractors. The qualifications were: (1) a 100% payment and performance bond; (2) a one-year guarantee against defects; (3) letter confirming the contractor had been in business *430 for five years; and (4) a letter listing five projects comparable in size to the proposed project. Ray's responded that W & S had met all of the qualifications to be able to perform the work. Also, Ray's furnished a list of references for W & S to Mandarin. Two references declined comment. Where comments were made, the references indicated W & S's work was not satisfactory. Florida Secretary of State records revealed W & S had been incorporated for two years. Mandarin informed Ray's that W & S was not acceptable because its work was "not satisfactory."
It is well established that when a statement is qualifiedly privileged and made without malice, there exists no cause of action for defamation. Teare v. Local Union No. 295 of United Assn. of Journeymen and Apprentices of the Plumbers & Pipe Fitters Industry of The United States and Canada, 98 So.2d 79 (Fla. 1957); See also Firestone v. Time, Inc., 305 So.2d 172 (Fla. 1974); Lundquist v. Alewine, 397 So.2d 1148, 1149 (Fla. 5th DCA 1981). A statement is qualifiedly privileged if made by one who has a duty to or interest in the subject matter to another who has a corresponding duty or interest. Teare, at 83. Under Florida Administrative Code Rule 25-10.123, actual construction may be done by a utility at its option or by a constructing agency acceptable to it.
Here, Mandarin has an interest in allowing only approved contractors in order to preserve the integrity of the utility facilities. The developers to whom the statements were made had a corresponding interest in retaining approved contractors, thereby avoiding problems in tying into the established utility facilities. This relationship amply supports the trial court's determination that a qualified privilege existed.
Where a qualified privilege exists, the plaintiff must prove express malice or malice in fact in order to recover. Lundquist, at 1149. Here, Rodgers admitted that there was no evidence that Mandarin's statements were intentional and calculated to injure W & S's business relationships. Absent a showing of malice, Mandarin's qualified privilege prevails, making summary judgment for Mandarin and Mixon proper.
The elements of tortious interference with business relations of others are: (1) existence of a business relationship under which a plaintiff has legal rights; (2) knowledge of the relationship on the part of the defendant; (3) intentional and unjustified interference with the relationship by the defendant; and (3) damage to the plaintiff resulting from the breach.
Tamiami Trail Tours, Inc. v. Cotton, 432 So.2d 148 (Fla. 1st DCA 1983). W & S failed to allege a cause of action by its failure to allege any business relationships under which it had legal rights. There was no allegation of legal rights in a contract or of an advantageous business relationship with attendant legal rights.
By Rodgers' admission via discovery deposition, there was no proof of a scheme involving Mandarin, Mixon, and Jax. Also, given the inability to state a cause of action for tortious interference with business relations of others, there can be no action for conspiring to interfere. Buckner v. Lower Florida Keys Hospital District, 403 So.2d 1025 (Fla. 3d DCA 1981); petition for rev. den., 412 So.2d 463 (Fla. 1982).
Accordingly, the trial court's summary judgments as to each of the appellees, Mandarin, Mixon and Jax is AFFIRMED.
LARRY G. SMITH and WENTWORTH, JJ., concur.