736 So.2d 1209 (1999)
Morgan Linden ANSON, Appellant,
v.
PAXSON COMMUNICATIONS CORPORATION, a Florida corporation, Steven Kane and Nick Lawrence, Appellees.
No. 98-1977.
District Court of Appeal of Florida, Fourth District.
May 5, 1999.
Rehearing Denied August 2, 1999.
*1210 Russell L. Cormican, Fort Lauderdale, for appellant.
John R. Hargrove and W. Kent Brown of Heinrich Gordon Hargrove Weihe & James, P.A., Fort Lauderdale, for appellees.
HAZOURI, J.
Morgan Linden Anson (Anson) appeals an amended order of dismissal with prejudice of his amended complaint for defamation against Paxson Communications Corporation (Paxson), Steven Kane (Kane) and Nick Lawrence (Lawrence). We reverse.
Anson's claim for defamation arises from a talk show program on June 23, 1997 broadcast over the air waves of WFTL 1400 AM in which Kane and Lawrence, as employees of Paxson, were the main participants. The trial court's reasons for dismissing the amended complaint with prejudice were twofold. First, Anson was not sufficiently identified in the broadcast as the subject of the defamation. Second, Kane and Lawrence's statements were expressions of opinion and represented what the trial court referred to as talk radio "schtik." We disagree.
It is well settled that when a trial court considers a motion to dismiss it is limited to the four corners of the complaint and the allegations in the complaint must be taken as true without regard to the pleader's ability to prove them. See Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022 (Fla. 4th DCA 1996). Our review of the amended complaint reveals that if the allegations are taken as true, Anson is adequately identified as the subject of the defamatory comments. We also find that what the court refers to as talk show "schtik" and the opinions of Kane and Lawrence are sufficient to state a cause of action for defamation. In his Amended Complaint appellant alleges:
26. During the course of this conversation, Defendants Kane and Lawrence repeatedly made false and defamatory statements referring to the Plaintiff as a drug using teenage homosexual prostitute and these remarks were broadcast throughout Broward and Palm Beach counties on WFTL 1400 AM, a radio station owned and controlled by Defendant *1211 PCC, potentially reaching thousands of listeners.
27. On that morning, June 23, 1997, the Defendants published and caused to be broadcast the following false and defamatory remarks directly alleging that the Plaintiff is a drug using homosexual prostitute who accompanied Attorney Norm Kent to a social function the previous evening in exchange for money....
In the trial court's amended order of dismissal with prejudice, it relies upon the cases of Wilson v. Grant, 297 N.J.Super. 128, 687 A.2d 1009 (App.Div.1996); Partington v. Bugliosi, 56 F.3d 1147 (9th Cir. 1995) and Hunter v. Hartman, 545 N.W.2d 699 (Minn.Ct.App.1996). Reliance upon these cases is unwarranted. The facts of these cases are not similar to the facts alleged in the amended complaint, and in each instance the object of the appeal was a granting of a motion for summary judgment not a granting of a motion to dismiss with prejudice.
The trial court's categorization of the above statements as expressions of opinions which are somehow shielded from a claim of defamation is not well founded. "Even if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact. Simply couching such statements in terms of opinion does not dispel these implications." Milkovich v. Lorain Journal Co., 497 U.S. 1, 18-19, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990). The defendants are not precluded from asserting that the statements were mere opinions that do not rise to the level of being actionable but labeling the statements as opinion does not necessarily shield the defendants from an action for defamation.
The order of dismissal with prejudice is reversed and the cause is remanded for further proceedings consistent with our opinion.
KLEIN and TAYLOR, JJ., concur.