907 So.2d 662 (2005)
James A. SCOTT, Jr., Appellant,
v.
Randy BUSCH, et al., Appellee.
No. 5D04-3384.
District Court of Appeal of Florida, Fifth District.
July 29, 2005.
*663 James Allen Scott, Jr., Palm Coast, pro se.
Patrick T. Canan and Clyde M. Taylor, III, of Canan Law, St. Augustine, for Appellee.
SHARP, W., J.
Scott, an attorney, represented the plaintiff below, Marie Melton-Treworgy, in a slander case, which was resolved by a final judgment of dismissal for failure to state a cause of action. Scott appeals from a subsequent final judgment rendered in that cause, which assessed him $1,275.20 for costs and attorney fees, pursuant to section 57.105, Florida Statutes. Treworgy was assessed an identical amount, but she took no appeal from the judgment.
In its order dismissing Treworgy's second amended complaint, the trial court *664 announced three reasons why a cause of action had not been stated:
1. The defamation was not pled with sufficient particularity;
2. The alleged statement was not defamatory as a matter of law;
3. The statement was one of pure opinion.
The trial court concluded that the defamation claim was "devoid of even arguable substance," and thus attorney fees would be awarded pursuant to section 57.105. We disagree that the second amended complaint failed to state a cause of action and accordingly reverse the award of attorney fees against Scott.
This suit had its genesis in a dispute between neighbors who are residents of Flagler Beach. Treworgy runs a type of bed and breakfast business by renting rooms in her home, which fronts on Oceanshore Boulevard, as well as rooms in a second residence which fronts on South Central Avenue, in the City. The defendant below, Randy Bush, and her husband own and reside in a home adjacent to Treworgy, which fronts on Oceanshore Boulevard. They had used part of the property that fronts on South Central, before Treworgy purchased it, to provide access to their home to South Central Avenue. However, Treworgy closed off their access.
As a result, bad feelings developed between the parties. According to the plaintiff's allegations, the Bushes tried to block and oppose Treworgy's obtaining building permits and variances for improvements to her properties, including an undeveloped piece she later purchased fronting Oceanshore Boulevard. The Bushes were unsuccessful.
In 2002, Randy decided to run for a seat on the City Commission of Flagler Beach. At a question and answer session attended by over 100 voters, including Treworgy, when Randy was answering questions from the audience, her husband asked her what she would do, if elected, to stop the approval of construction projects in the City that violate the City's ordinances and harm the residential properties around them.
The second amended complaint alleged:
When answering her husband's question, the Defendant turned her attention from her husband and physically turned and looked directly at the plaintiff. While looking directly at the Plaintiff, the Defendant angrily stated that a person in her neighborhood had obtained an illegal permit to build in her neighborhood.
The second amended complaint further alleged that several members of the audience turned and looked angrily at the Plaintiff, and understood that the Defendant was speaking about the Plaintiff. Several people who attended the meeting and those who had not but who had heard about the Defendant's accusations, questioned Treworgy about obtaining illegal permits and suggested they questioned her honesty and integrity. In addition, the second amended complaint alleged that Randy's statement was false, and that she made the statement knowing it was false, with improper motives and malice, and that as a result the Defendant suffered general damages: upset, shock, emotional and physical distress, shame, humiliation, and embarrassment, and that this caused her not to participate in City meetings, or work on local committees and local projects.
Scott filed an initial complaint in this case on March 5, 2002, which faced no motion to dismiss. He filed an amended complaint on March 22, 2002. It is substantially similar to the second amended complaint discussed above. It was dismissed for failure to state a cause of action *665 with leave to amend within 15 days. The reasons for dismissal were the same as those given for dismissing the second amended complaint: failure to set forth the defamatory statement with sufficient particularity; the statement was not defamatory as a matter of law; and that it was a statement of pure opinion.
Thereafter, Scott filed a motion to extend the time to file a second amended complaint for 15 days, which was apparently never acted on. He asserted that he needed more time to research the law of defamation. His second amended complaint was filed beyond the 30 days. However, that was not the basis relied upon by the court for dismissal of the second amended complaint.
An appellate court reviews an award of attorney fees pursuant to section 57.105 on an abuse of discretion standard.[1] However, an appellate court reviews the granting of a motion to dismiss for failure to state a cause of action de novo.[2] Our review is limited to the four corners of the pleading  here the second amended complaint.[3] We must accept all allegations of the pleader as true. Wilson v. County of Orange, 881 So.2d 625, 629 (Fla. 5th DCA 2004).
Section 57.105 currently provides:
Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense;
(b) Would not be supported by the application of then-existing law to those material facts.
There may be cases in which failure to state a cause of action in an amended complaint and second amended complaint (which is often permitted by a court prior to dismissal with prejudice)[4] provides a valid basis for an award of section 57.105 fees.[5] However, we do not think that this is one.[6] The law of slander and defamation is so ancient it contains numerous illogical twists and refinements stemming from ecclesiastical law, as well as the common law.[7] Currently it is overlaid with statutory and constitutional requirements and limitations.[8] It is confusing,[9] unclear[10] *666 illogical,[11] and somewhat in conflict.[12] Courts and judges frequently disagree with one another as to whether an actionable defamation has been established, as a matter of law.[13]
Given this state of the law of defamation, two or more attempts to state a cause of action in defamation is certainly not unexpected. "Pleading obstacles should be recognized as the residue of a by-gone age in which defamation was a disfavored action." Harper, James and Gray, 2 The Law of Torts 2d § 5.10, at 96 (1986). But in this case, we think Scott successfully pled a cause of action against Bush. This is a question of law for the court to determine.[14] Thus we do not need to wrestle with the question of how many times a party should be allowed to attempt to plead a cause of action in slander before fees under section 57.105 are affirmable.[15]
In this case, the second amended complaint set out sufficient facts to establish that an actionable slander of Treworgy took place at a public meeting and that the audience understood it was Treworgy who was slandered.[16] Slander is a spoken or oral defamation of another which is published to others and which tends to damage that person's reputation, ability to conduct that person's business or profession, and which holds that person up to disgrace and humiliation.[17] Truth and some kind of conditional privilege may have been available as defenses in this case. But the second amended complaint alleged Busch made the statement that Treworgy "illegally obtained building permits," with malice, and that the statement was false. At this stage of the case, viewed from the four corners of the second amended complaint, a bar to these defenses was pled.[18] However, we question whether at this pleading stage they were necessary, since defamation per se presumes malice and privileges *667 are defenses.[19]
The trial court ruled that the allegedly defamatory statement was not pled with sufficient particularity. However, when the defamation is by an oral statement, as opposed to a written one, particularity has never been required. A pleader need only state the essence of what the alleged defamer said.[20] The essence of the claimed defamation was that Treworgy illegally obtained building permits and it was clearly alleged.
The trial court also viewed this alleged statement as nondefamatory because it could mean that it was not Treworgy who did anything illegal  it was the City officials who acted illegally in issuing her a building permit. However, as appellant points out, this statement could equally infer that Treworgy did something illegal, like bribery or extortion, to obtain the building permit. In a situation such as this, where the alleged defamation can be understood one of two ways only one of which is defamatory to the plaintiff, it is normally a decision for the fact-finder to determine what a reasonable person hearing the statement would likely have understood it to mean, based on the circumstances and audience involved.[21] Additional allegations of the second amended complaint disclose that members of the audience, in fact, thought Treworgy had done something illegal to obtain the building permit.
A statement that a person has committed a crime or done something illegal is one of the classic slander per se categories  that is, the pleader need not allege specific damages to state a cause of action.[22] Further, statements short of accusing another of a serious crime, which tend to injure a person in his or her business or profession, also fall into a classic slander per se category.[23] In this case, Treworgy alleged she ran a bed and breakfast business in the City, that it was in order to run the business she needed the building permit, which she was accused of having illegally procured. On both grounds, a sufficient per se defamation was alleged here.[24]
The trial court also dismissed this second amended complaint because it concluded that Randy's statement that *668 Treworgy illegally obtained a building permit was "pure opinion." "Pure opinions" are not actionable out of a deference for free speech and the First Amendment.[25] But a "mixed opinion," which is based on undisclosed facts that infer the plaintiff has committed an illegal act, or one that damages his or her business reputation, is actionable.[26] The facts upon which the opinion is based must be stated and disclosed or known to the audience to whom the publication is made not to be actionable.[27]
The determination of which category the alleged statement fits in, pure opinion or mixed, is normally a decision for the trial court, reviewable de novo by an appellate court.[28] We disagree with the trial court, in this case, that Randy's statement was a pure opinion, because as alleged in this second amended complaint, Randy did not disclose the factual basis to support her opinion that Treworgy illegally obtained a building permit and she did not, as alleged in the second amended complaint, say it was just her opinion. Further, the factual basis for Randy's statement was not known to the audience. The second amended complaint alleged that persons in the audience approached Treworgy immediately afterwards and demanded to know what she had done to illegally obtain a building permit.
REVERSED and REMANDED.
PETERSON and MONACO, JJ., concur.
NOTES
[1] Dept. of Revenue v. Yambert, 883 So.2d 881 (Fla. 5th DCA 2004).
[2] Wilson v. County of Orange, 881 So.2d 625 (Fla. 5th DCA 2004).
[3] Anson v. Paxson Communications Corp., 736 So.2d 1209 (Fla. 4th DCA 1999); Crews v. Ellis, 531 So.2d 1372 (Fla. 1st DCA 1988).

Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla. 3d DCA 1982).
[4] See Crews v. Ellis, 531 So.2d 1372 (Fla. 1st DCA 1988); Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla. 3d DCA 1982).
[5] See Demby v. English, 667 So.2d 350 (Fla. 1st DCA 1995).
[6] See Mason v. Highlands County Board of County Commissioners, 817 So.2d 922 (Fla. 2d DCA 2002).
[7] Harper, James and Gray, 2 The Law of Torts 2d, §§ 5.9, 5.10, 5.29 at 245 (1986).
[8] See Monitor Patriot Co. v. Roy, 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35 (1971); Nodar v. Galbreath, 462 So.2d 803, 807 (Fla.1985); Boyles v. Mid-Florida Television Corp., 431 So.2d 627 (Fla. 5th DCA 1983); Miami Herald Publishing Co. v. Ane, 423 So.2d 376, 383-384 (Fla. 3d DCA 1982); Hood v. Connors, 419 So.2d 742, 743 (Fla. 5th DCA 1982).
[9] See Boyles v. Mid-Florida Television Corp., 431 So.2d 627, 635 (Fla. 5th DCA 1983).
[10] Owner's Adjustment Bureau, Inc. v. Ott, 402 So.2d 466, 470 (Fla. 3d DCA 1981) Hubbart, C.J., concurring specially.
[11] Prosser, Law of Torts, 4th ed. at 738 (1971).
[12] See Rinaldi v. Holt, Rinehart & Winston, Inc., 42 N.Y.2d 369, 397 N.Y.S.2d 943, 366 N.E.2d 1299 (1977) (acknowledging the Restatement of Torts 2d § 582 in conflict with its holding that a plaintiff has the burden to prove a defamatory statement made about a public figure is false).
[13] See, e.g., Monitor Patriot Co. v. Roy, 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35 (U.S. 1971); Kotlikoff v. The Community News, 89 N.J. 62, 444 A.2d 1086 (1982); Hoch v. Rissman, Weisberg, Barrett, 742 So.2d 451 (Fla. 5th DCA 1999); Anson v. Paxson Communications Corp., 736 So.2d 1209 (Fla. 4th DCA 1999); Magre v. Charles, 729 So.2d 440 (Fla. 5th DCA 1999); Seropian v. Forman, 652 So.2d 490 (Fla. 4th DCA 1995); Hood v. Connors, 419 So.2d 742 (Fla. 5th DCA 1982); Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla. 3d DCA 1982).
[14] Restatement of Torts 2d, §§ 564; 566; 614(1)(a) (1977).
[15] See Stagl v. Bridgers, 807 So.2d 177 (Fla. 2d DCA 2002).
[16] See Wolfson v. Kirk, 273 So.2d 774 (Fla. 4th DCA 1973). Harper, James and Gray, 2 The Law of Torts 2d, § 5.7 at 57 (1986); Prosser, Law of Torts, 4th ed. at 747 (1971); Restatement of Torts 2d § 564 (1977).
[17] Cooper v. Miami Herald Publishing Co., 159 Fla. 296, 31 So.2d 382, 384 (1947); Tip Top Grocery Co. v. Wellner, 135 Fla. 518, 186 So. 219 (1939); Axelrod v. Califano, 357 So.2d 1048 (Fla. 1st DCA 1978); Wolfson v. Kirk, 273 So.2d 774 (Fla. 4th DCA 1973); Prosser, Law of Torts, 4th ed. at 739 (1971); Restatement of Torts 2d, § 569 (1977).
[18] See Caldwell v. Personal Finance Co. of St. Petersburg, 46 So.2d 726 (Fla. 1950).
[19] See Miami Herald Publishing Co. v. Ane, 423 So.2d 376 (Fla. 3d DCA 1982) (nonpublic figure in defamation action not required to make showing of actual malice as element of his cause of action); Wilson v. County of Orange, 881 So.2d 625 (Fla. 5th DCA 2004); Wolfson v. Kirk, 273 So.2d 774 (Fla. 4th DCA 1973) (privilege is a matter of affirmative defense or avoidance to be raised in an answer). Cf. Boyles v. Mid-Florida Television Corp., 431 So.2d 627 (Fla. 5th DCA 1983); Glynn v. City of Kissimmee, 383 So.2d 774 (Fla. 5th DCA 1980); Restatement of Torts § 619 (1977).
[20] See Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla. 3d DCA 1982).
[21] The Miami Herald Publishing Co. v. Ane, 423 So.2d 376 (Fla. 3d DCA 1982); Wolfson v. Kirk, 273 So.2d 774 (Fla. 4th DCA 1973); Restatement of Torts 2d § 614(2) (1977).
[22] See Shafran v. Parrish, 787 So.2d 177 (Fla. 2d DCA 2001); Miami Herald Publishing Co. v. Ane, 423 So.2d 376 (Fla. 3d DCA 1983); Owner's Adjustment Bureau, Inc. v. Ott, 402 So.2d 466 (Fla. 3d DCA 1981); Restatement of Torts 2d § 570 (1977).
[23] See Hoch v. Rissman, Weisberg, Barrett, 742 So.2d 451 (Fla. 5th DCA 1999); Lundquist v. Alewine, 397 So.2d 1148 (Fla. 5th DCA 1981); Restatement of Torts 2d § 570 (1977).
[24] See Boyles v. Mid-Florida Television Corp. 431 So.2d 627 (Fla. 5th DCA 1983).
[25] See DeMoya v. Walsh, 441 So.2d 1120 (Fla. 3d DCA 1983); Kotlikoff v. The Community News, 89 N.J. 62, 444 A.2d 1086 (1982).
[26] See Hoch v. Rissman, Weisberg, Barrett, 742 So.2d 451 (Fla. 5th DCA 1999); Harper, James and Bray, 2 The Law of Torts 2d, § 5.8 at 66-68; Restatement of Torts 2d § 566 (1977).
[27] See Mile Marker, Inc. v. Petersen Publishing, LLC, 811 So.2d 841 (Fla. 4th DCA 2002); Demby v. English, 667 So.2d 350 (Fla. 1st DCA 1995); Stembridge v. Mintz, 652 So.2d 444 (Fla. 3d DCA 1995); Hay v. Independent Newspapers, Inc., 450 So.2d 293 (Fla. 2d DCA 1984); From v. Tallahassee Democrat, Inc., 400 So.2d 52 (Fla. 1st DCA 1981). See also, Information Control Corp. v. Genesis One Computer Corp., 611 F.2d 781 (9th Cir.1980);
[28] See Rinaldi v. Holt, Rinehart & Winston, Inc., 42 N.Y.2d 369, 397 N.Y.S.2d 943, 366 N.E.2d 1299 (1977).