# Third District Court of Appeal

## State of Florida

Opinion filed February 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2805
Lower Tribunal No. 07-6404
_____

**Herbert Cousins,**
Appellant,

vs.

**Post-Newsweek Stations Florida, Inc., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

ADR Miami LLC and Juan Ramirez, Jr.; Eduardo Gomez, for appellant.

Mitrani, Rynor, Adamsky & Toland and Karen Williams Kammer, for appellee.

Before EMAS, C.J.,[1] and SALTER and SCALES, JJ.

SALTER, J.

_____

[1] Chief Judge Emas did not participate in oral argument.

Herbert Cousins appeals an order dismissing his third amended complaint and entering a final judgment in favor of Post-Newsweek Stations Florida, Inc. d/b/a WPLG-Channel 10 ("Post-Newsweek"). We reverse and remand with instructions to reinstate Cousins's third amended complaint.

Factual and Proceedings Below

In 2003, Cousins, the plaintiff below, was hired by the Miami-Dade County School Board as its inspector general and was to serve a two-year term.

During Cousins's two-year term, in August 2005, Post-Newsweek aired broadcast reports related to its investigative reporting of the inspector general's office and the alleged inefficiency of the office, which, according to Cousins, were "a series of fake news attack stories." As part of the aired broadcast reports, Post-Newsweek allegedly: (1) solicited comments from Miami-Dade County School Board members regarding "false investigative findings"; (2) commented on Cousins's hiring and selection process; and (3) reported the number of cases closed by Cousins's office in the two years of its existence. Cousins alleged that as a result of these broadcast reports, the "Office of Inspector General was disbanded," and Cousins's employment was not renewed.

In response to the broadcast reports, on October 3, 2005, Cousins (through counsel) sent a written correspondence to Post-Newsweek's news director,

2

requesting a "retraction" of certain "materially false statements." More specifically, the letter included the following language:

> Please consider issuing a retraction regarding the several pieces [sic] broadcast regarding Mr. Herb Cousins, former Miami-Dade County School District Inspector General. These materially false statements; (1) that Herb Cousins got his Inspector General job as a result of cronyism and not through a proper selection process; (2) that Mr. Cousins was not qualified for the job; and (3) that only 8 cases were closed in two years, were publically disseminated by your station during the first three weeks of August, 2005.
>
> . . .
>
> We request a meeting with your editorial board as soon as possible. Given proper retraction and a proper apology, Mr. Cousins is willing to give serious consideration to forgo litigation.

In response to Cousins's request, Post-Newsweek retracted a portion of the aired broadcast reports, clarifying the number of cases the inspector general's office had closed in its two-year existence.

Although Post-Newsweek provided the partial retraction, in March 2007, Cousins initiated the underlying lawsuit against Post-Newsweek, Post-Newsweek's reporter, the School Board, and two other individual defendants, alleging claims for conspiracy to defame and disparage, and breach of contract. Before Post-Newsweek filed its answer, however, Cousins amended his complaint, adding, in relevant part, a negligent supervision count as to Post-Newsweek and its news reporter.

In that first amended complaint, Cousins alleged the following:[2]

---

[2] Cousins's initial complaint contained the same allegation.

3

> [Cousins] has complied with all conditions precedent to filing this suit including those required by Chapter 768, Florida Statutes. The School Board was given an opportunity to review the evidence supporting the claim as a part of the statutory administrative review of the claim, but the School Board never responded to the opportunity to resolve this matter administratively. See letter to . . . School Board attorney, dated 10/12/06 attached hereto as Ex. A.

In furtherance of this allegation, Cousins attached, as an exhibit to the first amended complaint, his presuit notice directed at the School Board "as required under Sec[tion] 768.28."[3] In response, Post-Newsweek filed its answer; it included the following language as to that allegation: "The Post-Newsweek Defendants deny that [Cousins] has 'complied with all conditions precedent' as such suit relates to the Post-Newsweek Defendants."

As litigation slowly proceeded, Cousins voluntarily dismissed the other defendants, leaving Post-Newsweek as the sole defendant. With Post-Newsweek remaining as the sole defendant, Cousins was permitted to file a second amended complaint, which asserted claims for defamation/libel and negligent supervision.

In that complaint, Cousins alleged he "ha[d] complied with all conditions precedent to filing this suit, including those required by Chapter 768, Florida Statutes." In response, Post-Newsweek moved to dismiss the second amended complaint, arguing, among other grounds, Cousins "neither ple[d] he complied with

---

[3] Section 768.28(6), Florida Statutes (2007), sets forth a notice provision as a condition precedent to maintaining a suit against a governmental entity.

4

the condition precedent to bringing a libel claim against a media defendant pursuant to Chapter 770, Florida Statutes, nor attache[d] proof of compliance." (footnote call number omitted).

At a hearing on that motion in 2017, the trial court addressed Post-Newsweek's motion to dismiss, concluding the second amended complaint was "all over the place" and failed to "plead the direct defamation count." Again, the trial court permitted Cousins to file an amended complaint. This time, however, the trial court required Cousins to "attach [the] pre-suit notice and transcript upon which [Cousins was] suing."

As permitted by the trial court, Cousins filed his third amended complaint, attaching the 2005 presuit notice and providing a transcript of the alleged defamatory language. In that complaint, Cousins alleged he "ha[d] complied with all conditions precedent to filing this suit including a retraction demand pursuant to Chapter 770, Florida Statutes." In response, Post-Newsweek filed a motion to dismiss, seeking dismissal based on Cousins's failure to comply with a condition precedent pursuant to section 770.01, Florida Statutes.[4]

Following a hearing, the trial court granted Post-Newsweek's motion to dismiss, concluding that Cousins's presuit notice was "woefully inadequate" and

---

[4] Section 770.01, Florida Statutes (2007), sets forth a presuit notice requirement for certain civil actions for libel or slander.

failed to comply with section 770.01. The trial court also dismissed the negligent supervision count because, according to the trial court, it could not survive "in light of [its] ruling on the [defamation] count." A final judgment was entered following the dismissal.

Cousins's appeal followed.

Standard of Review

We review a trial court's order of dismissal de novo. See Kendall S. Med. Ctr., Inc. v. Consol. Ins. Nation, Inc., 219 So. 3d 185, 188 (Fla. 3d DCA 2017). "The purpose of a motion to dismiss is 'to test the legal sufficiency of the complaint, not to determine factual issues.'" Rolle v. Cold Stone Creamery, Inc., 212 So. 3d 1073, 1076 (Fla. 3d DCA 2017) (quoting The Fla. Bar v. Greene, 926 So. 2d 1195, 1199 (Fla. 2006)). When ruling on a motion to dismiss, the trial court "must limit itself to the four corners of the complaint, including any attached or incorporated exhibits, assuming the allegations in the complaint to be true and construing all reasonable inferences therefrom in favor of the non-moving party." Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014).

Analysis

On appeal, Cousins makes two principal arguments. First, Cousins asserts that any affirmative defense or denial of a condition precedent based on his failure to provide statutory presuit notice was waived because Post-Newsweek failed to plead

the issue with sufficient specificity in response to Cousins's initial and first amended complaints. Second, Cousins claims the presuit letter provided to Post-Newsweek complied with section 770.01.  We agree only with the second point.

### (1) Waiver of Compliance with Condition Precedent

Addressing the first issue, Cousins claims Post-Newsweek waived compliance with a condition precedent—here, section 770.01—when it failed to deny with specificity and particularity Cousins's general allegation addressing conditions precedent in the initial and the first amended complaints. We disagree, however.

Florida Rule of Civil Procedure 1.120(c) establishes a special pleading rule regarding the performance or occurrence of a condition precedent. Under this rule, it is sufficient for a claimant to "aver generally that all conditions precedent have been performed or have occurred." Id. Where the complaint alleges compliance with a condition precedent to suit, "the burden then shifts to the defendant to deny with specificity and particularity that the required notices were given, and to properly present this issue to the trial court in the context of a summary judgment motion or in a motion for judgment on the pleadings." Cabral v. City of Miami Beach, 76 So. 3d 324, 326-27 (Fla. 3d DCA 2011) (internal citation omitted). By failing to timely and specifically raise the issue in the pleadings, a defendant waives the argument

that a claimant did not meet a condition precedent. See Ingersoll v. Hoffman, 589 So. 2d 223, 224 (Fla. 1991).

While citing to the pleading requisites of rule 1.120(c), Cousins claims he "repeatedly complied with [r]ule 1.120 by averring generally that he had complied with all conditions precedent," thereby requiring a specific negative averment by Post-Newsweek. But Cousins selectively quotes and omits a large portion of the condition precedent allegation provided in both the initial and the first amended complaints.

Our review of those complaints indicates Cousins exclusively addressed the School Board, one of five defendants, and his compliance with the notice provision set forth in Chapter 768, Florida Statutes. In addition to specifically addressing the School Board, and Chapter 768, Cousins included, within the same numbered allegation, factual assertions regarding the School Board's "opportunity to review the evidence supporting the claim as part of the statutory administrative review of the claim," and its failure to "respond[] to the opportunity to resolve this matter administratively." And finally, Cousins incorporated, again within the same allegation, the presuit notice directed to the School Board "as required under Sec[tion] 768.28."

On this record, where Cousins's initial allegations of performance of conditions precedent refer specifically to certain conditions inapplicable to Post-

8

Newsweek, and to an entirely different defendant, we conclude Post-Newsweek was not required to specifically and particularly allege noncompliance with section 770.01 in those initial filings.

Notwithstanding Cousins's inadequate initial pleadings, other circumstances in the record support our rejection of Cousins's waiver argument. For example, Cousins cites to certain allegations contained in earlier, superseded complaints to emphasize he has "repeatedly complied with [r]ule 1.120"; and does not refer to allegations contained in subsequent operative complaints. See Oceanside Plaza Condo. Ass'n v. Foam King Indus., Inc., 206 So. 3d 785, 787 (Fla. 3d DCA 2016) ("Long-standing Florida case law makes clear that the filing of an amended complaint constitutes an abandonment of the original complaint which [is] superseded, and it cease[s] to be part of the record and [can] no longer be viewed as a pleading.") (alterations, citations, and internal quotation marks omitted); see also Caraffa v. Carnival Corp., 34 So. 3d 127, 130 (Fla. 3d DCA 2010) (stating rule that "[p]rior pleadings are superceded by the amendment").

Notably, in the subsequent amended complaints, Cousins clarified his underlying claims against Post-Newsweek and made substantive changes in support of those new allegations, including the allegations addressing compliance with conditions precedent. In each of the subsequent complaints, Post-Newsweek not only responded to the operative complaints, as required by Florida Rule of Civil

9

Procedure 1.190(a), but also responded—with specificity and particularity—to the subsequent allegations regarding Cousins's compliance with conditions precedent, as required by Florida Rule of Civil Procedure 1.120(c).

Based on the circumstances of this case, and the stage of the litigation, we conclude Post-Newsweek was not precluded from raising the issue of compliance with conditions precedent. To the extent factual issues remain as to compliance with conditions precedent, those matters are premature and are unsuitable for resolution on a motion to dismiss. With this conclusion, we move to the second issue—that is, whether Cousins's presuit notice sufficiently complied with section 770.01.

### (2) Sufficiency of Presuit Notice

Addressing the second issue, Cousins contends the written notice sent to Post-Newsweek, which identified certain "materially false statements" aired in broadcast reports, sufficiently complied with section 770.01. In response, Post-Newsweek claims the written notice was "legally insufficient to support [Cousins's] claim for defamation" as the notice inadequately specified the at-issue publications and statements upon which Cousins intended to sue. Given the stage of the underlying proceeding, and the fact the statements were aired over televised broadcasts, we disagree with Post-Newsweek and conclude Cousins's presuit notice sufficiently complied with section 770.01.

Before commencing a civil action for libel or slander, a potential plaintiff is required to follow the procedure provided in section 770.01. That statute, in full, states:

> Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory.

Ordinarily, a plaintiff's "[f]ailure to comply with the notice provision of section 770.01 requires dismissal of the complaint for failure to state a cause of action." Mancini v. Personalized Air Conditioning & Heating, Inc., 702 So. 2d 1376, 1377 (Fla. 4th DCA 1997). But the sufficiency of notice, for purposes of compliance with the notice provision of section 770.01, depends on whether the alleged defamation is an oral statement or a written one.

According to Post-Newsweek, Cousins is required to "strict[ly] compl[y] with Section 770.01, Florida Statutes" in order to state a defamation claim against it for the statements allegedly made in the course of its televised broadcasts. But Post-Newsweek's exacting standard is not applied when, as here, the alleged defamation is by oral statement. Specifically, when the alleged defamation is by oral statement, it is sufficient for the pleader to "set out the substance of the spoken words with sufficient particularity to enable the court to determine whether the publication was defamatory." Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So. 2d 51,

11

55 (Fla. 3d DCA 1982). In other words, a "pleader need only state the essence of what the alleged defamer said." Scott v. Busch, 907 So. 2d 662, 667 (Fla. 5th DCA 2005).

In reviewing Cousins's presuit notice, we find Cousins sufficiently complied with section 770.01 to state a cause of action for defamation. Significantly, Cousins notified Post-Newsweek, via written correspondence, of "materially false statements" publicly disseminated by Post-Newsweek in on-air broadcasts "during the first three weeks of August, 2005." In that correspondence, Cousins requested a retraction of three alleged defamatory statements, which, according to Cousins, described: "(1) that [he] got his Inspector General job as a result of cronyism and not through a proper selection process; (2) that [he] was not qualified for the job; and (3) that only 8 cases were closed in two years." Given that the alleged defamation was by oral statements, Cousins's retraction request, provided prior to the underlying suit, sufficiently complied with the statutory prerequisites for a defamation action. See Scott, 907 So. 2d 662; Edward L. Nezelek, Inc., 413 So. 2d 51.

Tellingly, Cousins's presuit notice enabled Post-Newsweek to investigate the allegations and thereupon, issue a partial clarification. See Ross v. Gore, 48 So. 2d 412, 415 (Fla. 1950) (explaining section 770.01 "was enacted . . . to afford to newspapers and periodicals an opportunity in every case to make a full and fair

12

retraction in mitigation of the damages which a person may have suffered by reason of the publication") (emphasis omitted). In that clarification, Post-Newsweek not only referenced its "August . . . story," but also provided clarification as to the number of cases Cousins's office had closed. This clarification lends support to the conclusion that Post-Newsweek was on notice of the alleged defamatory statements as required by section 770.01.

Because Cousins sufficiently complied with section 770.01, we find Cousins sufficiently pleads a claim for defamation,[5] and that Post-Newsweek has not established a basis for dismissal with prejudice at this procedural stage of the case.[6] We do not, however, express an opinion as to whether Cousins's allegations do, in fact, constitute defamation at this procedural stage of the case. See Miami Herald Pub. Co. v. Ane, 423 So. 2d 376, 389 (Fla. 3d DCA 1982) (stating "where a publication is susceptible of two reasonable interpretations, one of which is defamatory, the issue of whether the publication was defamatory becomes one of fact and must be submitted to a jury. . . for a fact-finding determination"); accord

---

[5] For Cousins to properly plead a claim for defamation, he must allege: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008).

[6] We decline Post-Newsweek's invitation to affirm based upon the other grounds cited (but not ruled upon) in its motion to dismiss. We express no opinion as to the merits of Post-Newsweek's alternative grounds for dismissal.

Scott, 907 So. 2d at 667. Nor do we express an opinion as to the essence of Cousins's claimed defamation. Simply put, we remand for the trial court to reinstate Cousins's third amended complaint as Cousins sufficiently complied with section 770.01 and states a cause of action for defamation.[7]

Conclusion

Based on the foregoing, we find that because the trial court improperly dismissed Cousins's claims on the basis of insufficient presuit notice, we reverse and remand with instructions to reinstate Cousins's third amended complaint.

---

[7] Because the trial court dismissed the negligent supervision count based on its dismissal of the defamation count, that claim should be reinstated. We need not address whether Cousins's third amended complaint sufficiently alleged an independent cause of action for negligent supervision.