# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**WELLS FARGO, BANK, N.A.,** as Trustee, on Behalf of the Holders of the
**HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN
PASS-THROUGH CERTIFICATES, SERIES 2006-12,**
Appellant,

v.

**RIO POCO HOMEOWNERS' ASSOCIATION, INC.,**
Appellee.

No. 4D2024-3029

[May 6, 2026]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Reginald Roy Corlew, Judge; L.T. Case No. 502024CC002169XXXASB.

Steven Brian Greenfield of Greenfield Law Group, P.A., Boca Raton, for appellant.

Ronald E. D'Anna of D'Anna Legal, PLLC, Boca Raton, for appellee.

PER CURIAM.

Wells Fargo appeals from a final order vacating a default and dismissing its complaint. The crux of the lawsuit underlying this appeal involves a dispute over the amounts which the appellee ("Association") represented as due from the appellant ("Wells Fargo") in an estoppel certificate, and the Association's denial of access to the property after Wells Fargo had acquired title to the property pursuant to foreclosure proceedings. We agree with Wells Fargo that the trial court considered matters outside the four corners of the complaint in granting the motion for dismissal, and we reverse the portion of the order dismissing the complaint.

Wells Fargo alleged in its complaint that it had sent a demand for presuit mediation to the Association pursuant to section 720.311, Florida Statutes (2024). Wells Fargo further alleged that all conditions precedent to filing suit "have been performed, waived, or have occurred."

After the trial court entered a default judgment against the Association. the Association moved to vacate the default based on numerous grounds not relevant here. The Association also sought dismissal of the complaint. The dismissal request was based on Wells Fargo's purported failure to comply with section 720.311(2)'s presuit mediation requirements, specifically the statute's provisions for method of service and address for service. At the same time, the Association filed a responsive pleading that raised, as an affirmative defense, Wells Fargo's purported failure to comply with the presuit mediation requirements.

The trial court vacated the default and dismissed the suit, finding that Wells Fargo did not serve the demand on the Association at its address and by certified mail. The court cited to the presuit mediation demand exhibit attached to the complaint, but also cited to exhibits not attached to the complaint: the Association's response to the presuit mediation demand and emails between the parties.

Dismissal was improper. "The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to determine factual issues." *Haratz v. Dental Team of Atlantis, LLC*, 372 So. 3d 282, 285 (Fla. 4th DCA 2023) (quoting *Cousins v. Post-Newsweek Stations Fla., Inc.*, 275 So. 3d 674, 678 (Fla. 3d DCA 2019)). "When ruling on a motion to dismiss, '[a] court may not go beyond the four corners of the complaint and exhibits attached thereto.'" *Schneiderman v. Baer*, 334 So. 3d 326, 330 (Fla. 4th DCA 2022) (quoting *Kohl v. Blue Cross & Blue Shield of Fla., Inc.*, 988 So. 2d 654, 658 (Fla. 4th DCA 2008)).

"In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." Fla. R. Civ. P. 1.120(c). "[A] plaintiff is likewise permitted to generally allege waiver of . . . conditions [precedent] under the rule." *Haratz*, 372 So. 3d at 285. Failure to plead compliance with or waiver of a statutory condition precedent requires dismissal of the complaint. *See Hosp. Corp. of Am. v. Lindberg*, 571 So. 2d 446, 448 (Fla. 1990) (recognizing that a complaint that failed to allege compliance with statutory prerequisites was subject to dismissal); *City of Coconut Creek v. City of Deerfield Beach*, 840 So. 2d 389, 393 (Fla. 4th DCA 2003) (recognizing that "failure to comply with a statutory condition precedent, absent waiver or estoppel, requires dismissal"). But "[t]o the extent factual issues remain as to compliance with conditions precedent, those matters are premature and are unsuitable for resolution on a motion to dismiss." *Haratz*, 372 So. 3d at 286 (quoting *Cousins*, 275 So. 3d at 680).

Here, Wells Fargo alleged satisfaction or waiver of all conditions precedent.  The parties dispute whether an exhibit to the complaint establishes that Wells Fargo's demand did not comply with section 720.311's service requirements, but we do not need to wade into this debate.  That is because Wells Fargo also alleged waiver of performance of all conditions precedent, and nothing in the complaint or its exhibits negates that allegation.  Under these circumstances, the factual issue of waiver precluded dismissal.

Wells Fargo raises other issues on appeal, but we decline to consider those issues, which were either not raised in the initial brief or not adequately briefed.

*Reversed and remanded for further proceedings.*

MAY, CIKLIN, JJ., and BELL, CAROLYN RUTH, Associate Judge, concur.

*         *         *

***Not final until disposition of timely-filed motion for rehearing.***